488 So.2d 1181 (1986)
Brian BRUMFIELD
v.
DEPARTMENT OF FIRE.
No. CA-4383.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*1182 Gardner, Robein & Healey, Robert H. Uran, Louis L. Robein, Jr., Metairie, for plaintiff.
Harold D. Marchand, Asst. City Atty., New Orleans, for defendant.
Before GULOTTA, WILLIAMS and ARMSTRONG, JJ.
GULOTTA, Judge.
This is an appeal from a decision of the Civil Service Commission upholding the dismissal of Brian Brumfield from the New Orleans Fire Department based on an inability to perform required duties. We reverse.
Brumfield had been employed with the Fire Department from June, 1980 until his dismissal on November 26, 1984. During this period, the employee had used over 400 days of both annual and sick leave. According to Brumfield, approximately 50% of the leave resulted from injuries suffered in the line of duty. On November 1, 1984, after informing his supervisor that he had a drug problem, Brumfield obtained permission to leave work to get treatment. Plaintiff was seen at St. Charles General Hospital on November 1 and was transferred to the detoxification program at River Oaks Hospital on November 3, 1984. He remained there until December 6, 1984.
While in the hospital, Brumfield was notified in writing that as of November 7, 1984 he had no remaining sick leave and only 7.9 days of accrued annual leave. The letter further stated that Brumfield's annual leave would be exhausted on November 23, 1984.
In a subsequent November 26, 1984, letter to Brumfield by the Superintendent, plaintiff was advised:
"As I informed you in my letter to you of November 7, 1984, you have exhausted all of your accrued sick and annual leave as of November 23, 1984. It is my understanding that you are currently a patient at River Oaks Hospital, seeking treatment for a drug problem. "I have considered the possibility of granting you leave without pay for the period of your treatment. However, in reviewing the Civil Service Rules relative to granting leave without pay, I have noted that it is only to be applied in cases where such leave is considered to be in the best interest of the service. This is clearly not true in your case. Quite to the contrary, in little more than four years with the Department, you have exhausted all of your accrued sick and annual leave. You have been away from duty on sick leave for periods which add up to more than 400 days. You have been found guilty of four separate violations of the Rules and Regulations. You have been suspended on three separate occasions. In the light of the above, you are not granted leave without pay.
"Further, I order you terminated from employment with the New Orleans Fire Department under the provisions of Rule IX of the City Civil Service Commission, because of your inability to perform the required duties of the job of Firefighter. This termination is effective on November 23, 1984."
*1183 The Civil Service Commission upheld the termination and this appeal followed.
Brumfield contends that as a classified employee with a property interest in continued employment, he has been denied due process. According to plaintiff, he was given no pretermination opportunity to respond to the charge. In this regard, Brumfield relies on Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) and Rule IX of the City Civil Service Rules. We agree.
In Loudermill, a security guard was dismissed for "dishonesty" in filling out a job application. Prior to his dismissal, Loudermill was not afforded an opportunity to respond to the charge or challenge the dismissal. Under Ohio law, Loudermill was a "classified civil servant". As such he could only be terminated for cause and was entitled to administrative review of the dismissal. Subsequently, Loudermill filed an appeal with the Civil Service Commission which upheld his dismissal. He then filed suit in the Federal Court alleging that the Ohio statute, which provided for administrative review, was unconstitutional on its face "because it provided no opportunity for a discharged employee to respond to charges against him prior to removal, thus depriving him of liberty and property without due process". The United States Supreme Court held that the minimum due process requirement for a public employee facing dismissal is notice and a pretermination opportunity to respond.
In connection with Rule IX, that rule provides, in pertinent part:
"(1) Removal from the service ...
In every case of removal, ... of any employee in the classified service ... the appointing authority shall immediately furnish the employee and the Director a statement in writing of the reasons therefor. The Director shall notify the employee in writing at his last known address that he has a right to make a reply in writing, shall receive and consider the reply, and may make an investigation of the facts." (Emphasis ours)
Our consideration of the notices sent to Brumfield by the Superintendent leads to a conclusion that there was no compliance with either the Loudermill requirement or the City Civil Service Rule. Plaintiff simply was not afforded an opportunity to respond. Under these circumstances we are compelled to reverse and set aside Brumfield's termination. Because we have set aside the dismissal based on failure of compliance with notice requests, we do not pass on the reasons for that dismissal. Our holding does not preclude the right of the Superintendent and the Civil Service Commission to reconsider this matter after notice and opportunity to respond requirements have been met.
Consistent with the foregoing, the decision of the Civil Service Commission is reversed and set aside.
REVERSED AND SET ASIDE.