543 So.2d 582 (1989)
Barbara WEBB
v.
DEPARTMENT OF SAFETY & PERMITS.
No. 88-CA-1437.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
Gilbert R. Buras, Jr., Metairie, for plaintiff.
Michael A. Starks, Asst. City Atty., New Orleans, Val K. Scheurich, III, Deputy City Atty., Don J. Hernandez, Chief Deputy City Atty., Okla Jones, II, City Atty., for defendant.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
Plaintiff, Barbara Webb, appeals from a decision of the New Orleans Civil Service Commission upholding her dismissal from the Department of Safety and Permits. Prior to her discharge, plaintiff was a Motor Vehicle Examiner working at the Motor Vehicle Inspection Station, or as it is commonly referred to, the brake tag station.
Plaintiff was apparently terminated for allegedly pocketing a two-dollar delinquency fee and accepting a two-dollar bribe. On appeal, plaintiff raises five assignments of error. We find the dispositive issues to be the lack of adequate notice given to plaintiff and the failure to afford her a meaningful pre-termination opportunity to respond to the charges against her. We now reverse.
Plaintiff was a classified civil service employee with permanent status. She had worked for the city approximately eight years. At the time of plaintiff's termination in May, 1987, Civil Service Commission Rule IX, § 1.2, provided that the (ex-) employee be notified in writing of the reasons for a particular disciplinary action after the action had been taken. The (ex-) employee could thereafter make a reply in writing.
However, in 1985 the U.S. Supreme Court ruled, in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), that before a public employee such as the plaintiff is dismissed, she must be given notice and afforded an opportunity to respond to the charges against her. The court's holding was based upon the 14th Amendment's Due Process Clause and the view that these public employees have a property interest in their employment.
The court stated:
"An essential principle of due process is that a deprivation of life, liberty, or *583 property, `be preceded by notice and opportunity for hearing appropriate to the nature of the case.' ... We have described `the root requirement' of the Due Process Clause as being `that an individual be given an opportunity for a hearing before he is deprived of any significant property interest....'" (citations omitted)
The court further stated:
"In general, `something less' than a full evidentiary hearing is sufficient prior to adverse administrative action.... The essential requirements of due process... are notice and an opportunity to respond.... The tenured public employee is entitled to oral or written notice of charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.... To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." (emphasis ours) (citations omitted)
Subsequent to the Loudermill decision, but after plaintiff was dismissed, the New Orleans Civil Service Commission revised its rules on terminations. Rule IX, § 1.2, now provides:
"In every case of termination of employment of a regular employee, the Appointing Authority shall conduct a pre-termination hearing as required by law and shall notify the employee of the disciplinary action being recommended prior to taking the action. (adopted January 21, 1988, effective February 1, 1988)" (emphasis ours)
This revised rule is an obvious attempt to comply with the Loudermill requirements, even though the rule makes no mention of notice and an explanation of the evidence against the employee.
In the case at bar, there was no testimony or evidence introduced at the Civil Service hearing that the plaintiff received an explanation of the employer's evidence or an adequate opportunity to present her side of the story. At the hearing, plaintiff testified that she was shown an altered brake tag application card some two weeks after February 16, 1987, the date on the card. A delinquent fee stamp was scratched out and the date of the old brake tag had allegedly been altered. Plaintiff did not say whether at that time she was accused of making the alteration or some other misconduct.
Plaintiff continued working and on May 20, 1987, she was told by a supervisor that she was being terminated because she had been arrested the day before for an unrelated offense.[1] She complained that she had not received "a letter" concerning this disciplinary action and was given "a letter" telling her to report to City Hall the next day. Plaintiff testified that she was under the impression that she would speak to someone there about her arrest-based termination.
The next day, May 21st, she spoke with the secretary of the Department of Safety and Permits, Keith Johnson. He told her that he had a report from the office of Municipal Investigations (O.M.I.) finding that she stole two dollars from the City and received a two-dollar tip from an applicant. He said he had no choice but to terminate her employment because of this misconduct and her arrest. Plaintiff did not say whether she was informed of any specific facts or evidence at this time.
On or about May 28, 1987, she received two letters from the Department of Safety and Permits, both dated May 26, 1987. One letter informed her that she was being suspended based upon a report from her supervisor; the other informed her that, already under suspension, she was being terminated based upon the O.M.I. report. The stated cause for the suspension was her arrest. The termination letter did not specify any misconduct by the plaintiff other than her general violations of one or *584 more departmental policies, Civil Service Commission rules, and Code of Ethics provisions.
The transcript of the Civil Service hearing does not show that plaintiff was informed that she was going to be terminated for the alteration of a brake tag application card, stealing two-dollars, or receiving a two-dollar tip, at least until her encounter with Keith Johnson. There is no evidence that she was given an explanation of the evidence against her, either before this encounter or during it. Without knowledge and an explanation of the evidence against her, plaintiff could not adequately answer the charges and explain her actions. This explanation of the evidence is a prerequisite to the employee's pre-termination opportunity to present her side of the story. The "meeting" with Keith Johnson was, therefore, inadequate. We also find it worthy of consideration that plaintiff went to his office expecting to speak with someone about her termination which she thought was based upon her arrest on an unrelated charge.
There is also an issue concerning the adequacy of the notice of termination. La. Const. Art. 10 § 8 provides in part:
"(A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority." (emphasis ours)
This court has previously held that such notice should fully describe the conduct complained of, set forth the relevant date(s), place(s), etc., and name the witnesses against the employee to enable her to fully answer and prepare a defense. Robbins v. New Orleans Public Library, 208 So.2d 25 (La.App.1968).
The full text of the May 26th letter of termination reads as follows:
"After reviewing the O.M.I. report number 87-039-6, I feel that I have no choice but to terminate your employment with this Department.
"You are on suspension without pay for an indefinite period of time due to another problem, but now I am notifying you that, effective at the close of business May 23, 1987, you are being terminated from this department for the following reasons:
"You have violated The Department Policy # 79-12, Civil Service Commission Rule IX, Section 1.1: Maintaining standards of services and the code of Ethics, Section III Paragraph F and Section IV Paragraph B (See Attached)."
The O.M.I. report mentioned was not attached to the letter nor is there any evidence that a copy of it was given to the plaintiff. The letter does not meet the requirements of La. Const. Art. 10, § 8, or the Robbins, supra, case.
We find that the Loudermill requirement of giving the employee an explanation of the evidence against plaintiff was not complied with. Accordingly, the subsequent pre-termination meeting with the secretary of the Department of Safety and Permits was inadequate. The requirements of La. Const. Art. 10 § 8 were also not met. For these reasons, we will reverse the decision of the Civil Service Commission and reinstate the plaintiff. The Department of Safety and Permits can give her proper notice, an explanation of the charges against her, an adequate pre-termination opportunity to respond, and proper written notice of termination.
Because of our disposition of this case, it is not necessary to discuss the sufficiency of the evidence presented at the Civil Service hearing regarding the alleged misconduct. We note, however, that the Commission based its finding in part on the O.M.I. report. This was improper because the report was not introduced at the hearing.
For the foregoing reasons, we reverse the decision of the Civil Service Commission and reinstate the plaintiff.
REVERSED.
*585 PLOTKIN, J., concurs with written reasons.
SCHOTT, C.J., concurring in result.
PLOTKIN, Judge, concurring with written reasons:
I feel that it is obvious from the record, taken as a whole, that the employee in this case was guilty of theft and misconduct justifying her dismissal. Unfortunately, the employer failed to comply with the technical notice and hearing due process requirements and, therefore, this court has no choice but to reverse the finding of the New Orleans City Civil Service Commission on those grounds. Nothing in this opinion should be interpreted to preclude the employer from correcting its past errors and dismissing this employee after proper compliance with the law governing dismissal of public employees.
SCHOTT, Chief Judge, concurring in result:
I concur in the result because appellant was not given adequate notice of the reasons for her dismissal as required by Art. 10 § 8 of the Louisiana Constitution and Rule IX of the New Orleans Civil Service Commission as the rule was written at the time of appellant's termination.
However, the majority opinion's holding that the Loudermill decision required a pre-termination hearing in this case is in conflict with this Court's opinion in Firefighters Local 632 v. Civ. Service Commission, 495 So.2d 958 (La.App. 4th Cir.1986), writ denied 499 So.2d 84.
Firefighters is arguably in conflict with Brumfield v. Department of Fire, 488 So. 2d 1181 (La.App. 4th Cir.1986) but the result in that case, as here, was dictated by the failure of the Commission to send the notice required by its own Rule IX. The discussion about Loudermill's requiring a pre-termination hearing was superfluous. Furthermore, it is apparent that the issue discussed in Firefighters as to why Loudermill did not require a pre-termination hearing was neither presented to nor considered by the court in Brumfield.
NOTES
[1] This offense was unrelated to the alleged alteration incident. However, it was related to her employment. She was implicated by a fellow worker after the worker was arrested. The District Attorney later refused the charges against the plaintiff. This arrest created some confusion as to exactly why the plaintiff was being disciplined.