590 So.2d 1258 (1991)
Douglas R. BROWN
v.
HOUSING AUTHORITY OF NEW ORLEANS.
Nos. CA 90 1622, CA 90 1623.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Rehearing Denied January 22, 1992.
*1259 Keith A. Doley, New Orleans, for appellant.
Housing Authority of New Orleans, Office of the General Counsel, New Orleans, for appellee.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall Director, Dept. of State Civil Service.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
The issue presented in this civil service appeal is whether appellant, Douglas R. Brown, was accorded a pretermination hearing satisfying the requirements delineated in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Based on our conclusion that he did, we affirm.
Appellant was formerly a classified civil service employee, serving with permanent status, as a Housing Authority Manager for the Housing Authority of New Orleans, appellee herein. He was suspended from this position on February 17, 1989, pending an investigation into apparent discrepancies in the accounts of the housing development where he worked. By a letter dated March 10, 1989, he was asked to report to the Legal Department on March 20, 1989 to show cause why he should not be terminated because of charges of his "mismanagement of Funds and total disregard of the Housing Authority's rent collection policy." It was the conclusion of the appointing authority that appellant offered "no acceptable explanation" regarding the charges at this March 20, 1989 hearing. Subsequently, he was terminated effective March 31, 1989.
Appellant appealed both his suspension and his termination to the Civil Service Commission; these appeals were later consolidated. Following a hearing before a referee, an opinion was rendered upholding appellant's suspension and termination. Appellant has now appealed this decision, contending that both the letter informing him of the pretermination hearing and the hearing itself were inadequate to meet the *1260 requirements of due process set forth in Loudermill.
It is well-established that a permanent, classified civil service employee has a property interest in retaining his position. Thus, such an employee can not be terminated without due process of law. Loudermill, supra; Casse v. Sumrall, 547 So.2d 1381 (La.App. 1st Cir.), writ denied, 551 So.2d 1322 (1989). Due process is a flexible standard which requires such procedural safeguards as a particular situation demands. Id. Since due process is not a technical concept with a fixed content unrelated to time, place and circumstances, precisely what process is due in a given case is dependent upon the peculiar facts involved. Casse, supra.
In the instant case, appellant argues that Loudermill, construed together with La. Const. Art. 10, § 8, which provides that no disciplinary actions shall be taken against a permanent, classified civil service employee except for "cause express in writing", required that he be given written notice of the pretermination hearing specifically informing him of the "time, date(s) or amount(s) of money" involved in his alleged mismanagement of funds. In effect, appellant seeks to impose those requirements applicable to a notice of termination to situations where notice of a pretermination hearing is given to an employee.
Appellant's reasoning is completely fallacious. La. Const. Art. 10, § 8 is pertinent to disciplinary actions. Although it may be a preliminary step in a disciplinary action, the holding of a pretermination hearing is not in itself a disciplinary action. Thus, the written notice requirement of La. Const. Art. 10, § 8 is not applicable to notices of pretermination hearings held in accordance with Loudermill. Further, Loudermill itself does not even require that an employee be given written notice of the charges against him at the pretermination hearing, specifically providing that an employee is entitled to "oral or written notice of the charges against him" (emphasis added). Loudermill, 470 U.S. at 546, 105 S.Ct. at 1495. Also see Cha-Jau v. Department of Fire, 577 So.2d 332, 335-36 (La.App. 4th Cir.1991), writ denied, 580 So.2d 675 (1991).
In addition, we find no merit in appellant's assertion that the pretermination hearing held in his case did not comply with the requirements of Loudermill. In delineating the type of pretermination hearing required by due process, the Loudermill court held:
[T]he pretermination `hearing,' though necessary, need not be elaborate. We have pointed out that `[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.' In general `something less' than a full evidentiary hearing is sufficient prior to adverse administrative action. Under state law, respondents were later entitled to a full administrative hearing and judicial review.
... Here, the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisionsessentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.
... The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee. Emphasis added. Citations omitted. 470 U.S. at 545-546, 105 S.Ct. at 1495.
In the present case, as in Loudermill, state law entitles the terminated employee to a full administrative hearing and to judicial review of the result of that hearing. In such cases, the only requisites due process imposes for the pretermination hearing are that the employee be given notice of the charges against him, that there be an explanation of the evidence against him, *1261 and that he be given an opportunity to explain his side of the story. Loudermill, supra. No particular formalities are required for the hearing, which may be informal in nature.
After reviewing all the evidence regarding the pretermination hearing held in this case, we conclude this hearing fully met the requirements of due process. At this hearing, appellant was informed of the charges against him, was apprised of the nature of the evidence against him, and was given an opportunity to explain his position. Nothing more was required of this hearing.
For the reasons assigned, the decision of the Civil Service Commission is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.
SAVOIE, J., concurs in the result.