617 So.2d 112 (1993)
Rudolph RIGGINS
v.
DEPARTMENT OF SANITATION.
No. 92-CA-1921.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Writ Denied June 18, 1993.
Gilbert R. Buras, Jr., Gardner, Robein & Urann, Metairie, for plaintiff.
Ann Sico, Asst. City Atty., Elmer Gibbons, Deputy City Atty., Brett J. Prendergrast, Chief of Civ. Litigation, William D. Aaron, Jr., City Atty., New Orleans, for defendant.
Before BARRY, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The City of New Orleans Department of Sanitation (the Department) appeals the decision of the New Orleans Civil Service Commission (the CSC) overturning the Department's dismissal of Rudolph Riggins (Riggins), a classified civil servant. The issue for review is whether the Department was required to provide Riggins with advance notice of his pre-termination hearing. We affirm.
Riggins was a classified employee of the City of New Orleans, with seventeen years of service with the Department of Sanitation in the classification of Laborer Waste Collector. On September 9, 1991, Riggins was ordered by Department of Sanitation Director James W. Lee, Jr. (Lee) to submit to a substance abuse test. Riggins tested positive for cocaine. On October 22, 1991, Riggins was called into Lee's office to explain the test results. After Riggins gave an explanation, Lee notified Riggins that he was being dismissed from the Department. Riggins appealed his dismissal to the CSC.
A hearing was held before a CSC hearing examiner on February 12, 1992. At the hearing, Riggins testified that he did not receive advance notice of his October 22, 1991 "pre-termination" hearing with Department Director Lee, nor of the charges and evidence against him. On appeal, the Department proceeds solely on a legal issue, conceding that Riggins did not receive advance notice. However, a brief summary of the evidence and testimony presented at the hearing is relevant to show the considerable doubts Riggins has raised concerning whether the Department fulfilled its duty under Rule IX, Sect. 1.2 to "notify the employee of the disciplinary action being recommended prior to taking action."
First, although Lee testified that he read the City drug policy to Riggins at the October *113 22 pre-termination hearing and then gave Riggins an opportunity to explain his positive test results, there is nothing in Lee's testimony which indicates that Lee notified Riggins that he was facing dismissal. As will be discussed below, the City drug policy, as set forth in Rule V, Sect. 9 of the New Orleans Civil Service Commission, contemplates much more than automatic dismissal; a mere recital of the drug policy would not, in itself, have put Riggins on notice that he was facing dismissal.
Second, Riggins raised doubt as to whether his letter of termination from Lee was typed prior to his pre-termination hearing. The letter was dated October 21, 1991, the day before Riggins' pre-termination hearing. When Lee was asked to testify about the discrepancy in the date of the letter, the following exchange took place:
Opposing counsel: What day did you write it?
Lee: I don't know exactly. What is the date on the letter?
Opposing counsel: It says October 21, 1991.
Lee: Let's reasonably assume that I wrote it that day or the day before. * * *
Opposing counsel: So you could have written this letter the day before the date on this letter?
Lee: I could have written ityeah, possibly the day before. * * *
When Lee was asked at what point he ordered Riggins dismissed, he stated, "At that point and time when I met with him for the hearing, I handed him his letter at that point, or sometime thereabouts. * * *" Although Lee's testimony concerning the date of the letter was later contradicted by another Sanitation Department worker, Lee's testimony certainly raised considerable doubt as to whether Riggins received a meaningful pre-termination opportunity to explain his test results.
On May 21, 1992, the CSC rendered a decision reversing the Department's dismissal of Riggins. The CSC set forth the following pertinent reasons for judgment:
Appellant's recent record of absenteeism and tardiness, after seventeen years of service, may or may not meet the definition of "sudden irrational behavior" sufficient to justify the substance abuse test. Having pursued this course of action, the Appointing Authority was duly bound to accord Appellant his full rights of due process, among which are the right to advance notice of possible dismissal and a meaningful opportunity to defend against the charge.
The Commission finds in the record considerable basis for doubt that these rights were accorded the Appellant. Appellant's pattern of behavior and dereliction of duty clearly became intolerable. Disciplinary action was justified; nevertheless, we are required by Loudermill to uphold the appeal against dismissal, purely on procedural grounds.
The CSC ordered that Riggins be restored all pay and emoluments lost as a result of his dismissal.
On appeal the Department's sole argument is that the CSC erred in holding that Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), requires that a classified employee must receive advance notice of a pre-termination hearing. We disagree. Under Loudermill, the CSC rules, and Louisiana jurisprudence, Riggins was entitled to advance notice of his pre-termination hearing.
In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the United States Supreme Court held:
The essential requirements of due process * * * are notice and an opportunity to respond. * * * The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. * * * To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.
*114 Id. at 546, 105 S.Ct. at 1495 (citations omitted).
Property rights in continued employment are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law * * *" Loudermill, supra, at 538, 105 S.Ct. at 1491, quoting Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In the instant case, Riggins' right to continued employment is established by La. Const. Art. 10, Section 8, which provides, "No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing."
Riggins' due process right to notice and a pre-termination hearing prior to dismissal is governed by the rules of the New Orleans Civil Service Commission. Rule IX, Sect. 1.2 of the CSC provides:
In every case of termination of employment of a regular employee, the Appointing Authority shall conduct a pre-termination hearing as required by law and shall notify the employee of the disciplinary action being recommended prior to taking action.

(amended effective February 1, 1988; emphasis added).
Riggins' due process right to notice upon failing a substance abuse test is governed by additional CSC rules. Rule V, Sect. 9.15 of the CSC provides:
The Director shall inform the employee and the appointing authority of all positive [substance abuse] test results * * * Upon receipt of this information, the appointing authority shall take such action as in its discretion is deemed appropriate, after giving deference and consideration to such factors as: [the rule then sets forth eleven factors, including, for example, the employee's length of service with the City, and the employee's willingness to seek assistance]
(effective January 1, 1990; emphasis added).
Finally, Rule V, Sect. 9.16 of the CSC provides:
If, after thorough consideration, the appointing authority determines that rehabilitation rather than termination is the appropriate course of action, the employee's continued employment with the City will be conditioned on the following criteria: [the rule then sets forth four criteria, such as enrollment in and completion of a certified rehabilitation program]
(effective January 1, 1990; emphasis added).
We have previously held that Rule IX, Sect. 1.2 requires pre-termination notice of dismissal and an opportunity to respond. Webb v. Department of Safety & Permits, 543 So.2d 582 (La.App. 4th Cir.1989); Brumfield v. Department of Fire, 523 So.2d 876 (La.App. 4th Cir.1988); Brumfield v. Department of Fire, 488 So.2d 1181, (La.App. 4th Cir.1986); see also New Orleans Ass'n of Firefighters Local 632 v. Civil Service Comm'n of the City of New Orleans, 495 So.2d 958 (La.App. 4th Cir. 1986); writ den. 499 So.2d 84 (La.1987). At the time these cases were decided, a prior version of Rule IX, Sect. 1.2 was in effect. The prior version of Rule IX, Sect. 1.2 provided:
In every case of removal, suspension, reduction in pay, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, the appointing authority shall immediately furnish the employee and the Director a statement in writing of the reasons therefore. The Director shall notify the employee in writing at his last known address that he has a right to make a reply in writing, shall receive and consider the reply, and may make an investigation of the facts.
The present version of Rule IX, Sect. 1.2 (effective February 1, 1988) is an obvious expansion of a classified employee's right to notice, since the appointing authority is now required to "notify the employee of the disciplinary action being recommended prior to taking action." Although Webb, supra, was decided before the amended version of Rule IX, Sect. 1.2 became effective, Webb stated that the "revised rule is an obvious attempt to comply with the Loudermill requirements * * *" Id., 543 *115 So.2d at 583. Following the amendment to Rule IX, Sect. 1.2, we cited Loudermill as holding that "the minimum due process requirement for a public employee facing dismissal is notice and a pre-termination opportunity to respond." Cha-Jua v. Dept. of Fire, 577 So.2d 332, 335 (La.App. 4th Cir.1991), writ den. 580 So.2d 675 (La. 1991). Finally, the Louisiana Supreme Court, in Bell v. Department of Health and Human Resources, 483 So.2d 945 (La. 1986), cert. den. 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986), a case based on Loudermill and its predecessors, held that "where an employee is demoted [ie. a disciplinary action less severe than dismissal] * * * [La. Const.] Art. X, Section 8(a), as well as the Civil Service Rules, require that there be pre-discipline notice and writing setting forth the cause for the action, and a hearing." Id. at 948.
Under the CSC rules, Riggins was entitled to much more than last minute notice and a cursory opportunity to explain his positive test result. The CSC rules expressly require notice both of a positive test result and of the possibility of dismissal prior to taking action. Rule V, Sect. 9.15 and Rule IX, Sect. 1.2. If dismissal is contemplated, a pre-termination hearing must be provided. Rule IX, Sect. 1.2. Before dismissing an employee for substance abuse, the appointing authority must give "deference and consideration" to eleven specific factors, including length of employment and willingness to seek assistance. Rule IX, Sect. 9.15. In addition, the possibility of rehabilitation, rather than termination, must be given "thorough consideration." Rule V, Sect. 9.16. These rights have not been accorded Riggins, and the CSC was therefore correct in overturning his dismissal.
The only Louisiana case cited by the Department in support of its argument is Brown v. Housing Authority of New Orleans, 590 So.2d 1258 (La.App. 1st Cir. 1991), wherein the First Circuit held that a classified employee received a pre-termination hearing which satisfied the requirements of Loudermill. In Brown, the Louisiana First Circuit Court of Appeal stated:
By letter dated March 10, 1989, he [ie. the employee] was asked to report to the Legal Department on March 20, 1989 to show cause why he should not be terminated because of charges of his "mismanagement of Funds and total disregard of the Housing Authority's rent collection policy." It was the conclusion of the appointing authority that appellant offered "no acceptable explanation" regarding the charges at this March 20, 1989 hearing. Subsequently, he was terminated effective March 31, 1989.
Id. at 1259. These facts are significantly different from those of the instant case, where Riggins did not receive advance notice of his possible termination, nor of the charges and evidence against him, until he appeared at his pre-termination hearing.
Finally, the Department cites Powell v. Mikulecky, 891 F.2d 1454 (10th Cir.1989), wherein the Tenth Circuit stated,
Nothing in Loudermill suggests, nor do we hold, that a public employee is entitled to some type of "pre-notification notice" of the charges against her or him. Likewise, Loudermill does not imply that, in conducting the pretermination hearing, there must be a delay between the "notice" and the "opportunity to respond" accorded to the public employee.
Id. at 1459. However, as mentioned above, property rights in continued employment are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law * * *" Loudermill, 470 U.S. at 538, 105 S.Ct. at 1491.
Under Loudermill, the CSC rules, and Louisiana jurisprudence, Riggins was entitled to advance notice of the charges against him prior to his pretermination hearing. For the foregoing reasons, the decision of the CSC overturning Riggins' dismissal from the Department of Sanitation is affirmed.
AFFIRMED.