846 So.2d 102 (2003)
Gail Marie WILLIAMS
v.
DEPARTMENT OF PROPERTY MANAGEMENT.
No. 2002-CA-1407.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 2003.
*103 Gail Marie Williams, In Proper Person, Plaintiff/Appellant.
Patrick R. Bossetta, Assistant City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Charles L. Rice, Jr., City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge DAVID S. GORBATY).
JOAN BERNARD ARMSTRONG, Judge.
The plaintiff, Gail Marie Williams, appeals the termination of her employment by the Department of Property Management for the City of New Orleans. Williams was employed as a grounds patrol supervisor by the Department of Property Management. The plaintiff was notified, by letter dated April 23, 2001, that she was being suspended for one hundred twenty days for one alleged incident of payroll fraud which occurred on April 13, 2001. The letter indicated that a pre-termination hearing would be held on April 25, 2001. On May 1, 2001, the plaintiff was notified that she was terminated as a result of the payroll fraud. The letter cited two other alleged incidents of payroll fraud, which allegedly occurred on March 12, 2001 and April 5, 2001. The plaintiff appealed her termination to the City of New Orleans' Civil Service Commission. A hearing was conducted on September 6, 2001. The commissioner rendered its written recommendation to the members of the Civil Service Commission that the plaintiff's termination of employment be affirmed. The Commission affirmed the agency's termination of the plaintiff's employment on February 19, 2002. The plaintiff now seeks appellate review of the Civil Service Commission's decision.
On appellate review, findings of fact of the Board are not to be overturned in the absence of manifest error, and the Board's conclusion as to the existence or absence of cause for dismissal should not be disturbed unless the decision is capricious or an abuse of the Board's discretion. Dumez v. Houma Municipal Fire & Police Civil Service Bd., 408 So.2d 403, 406-407 (La.App. 1 Cir.1981). Nevertheless, an appellate court's review of the Board's decisions as to jurisdiction, procedure and interpretation of laws and regulations is not so limited. Cannon v. City of Hammond, 97-2660 (La.App. 1 Cir.12/28/98), 727 So.2d 570; Department of Public Safety and Corrections, Office of Youth Services *104 v. Savoie, 569 So.2d 139, 141 (La. App. 1 Cir.1990).
Louisiana Constitution Article 10, § 8, provides in part that: "No person who has gained permanent status in classified state or city service shall be subject to disciplinary action except for cause expressed in writing." Rule IX, § 1.2 of the Rules of the Civil Service Commission for the City of New Orleans, states that "[i]n every case of termination of employment of a regular employee, the appointing authority shall conduct a pre-termination hearing as required by law and shall notify the employee of the disciplinary action being recommended prior to taking the action." In Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985), the United States Supreme Court held:
The essential requirements of due process ... are notice and an opportunity to respond....The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story....To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.
In Riggins v. Department of Sanitation, 92-1921 (La.App. 4 Cir.1993), 617 So.2d 112, this Court reviewed Loudermill in light of Rule IX, § 1.2, of the Rules of the Civil Service Commission and concluded that an employee is entitled to advance notice of the charges and evidence against him prior to his pre-termination hearing. See also Henderson v. Sewerage and Water Bd., 99-1508 (La.App. 4 Cir. 12/22/99), 752 So.2d 252. An explanation of the evidence is a prerequisite to the employee's pre-termination opportunity to present his side of the story. Webb v. Department of Safety & Permits, 543 So.2d 582 (La.App. 4 Cir.1989). This Court has previously held that notice of the charges should fully describe the conduct complained of, setting forth the relevant dates and places and the names of witnesses against the employee to enable the employee to fully answer and prepare a defense. Id.
In Webb, the plaintiff appealed her termination of employment as a motor vehicle examiner for the City of New Orleans. The plaintiff was terminated for allegedly pocketing a two dollar delinquency fee and accepting a two dollar bribe. The plaintiff did not receive an explanation of the evidence against her or nor was she given an adequate opportunity to present a defense. The plaintiff was told on May 20, 1987 that she was being terminated because she had been arrested on a charge unrelated to the alleged bribe and that she was to see Keith Johnson, secretary of the Department of Safety and Permits, the next day. Plaintiff saw Johnson on May 21, 1987, who informed her that she was being terminated as a result of the alleged bribe. The plaintiff was not given an opportunity to give her side of the story. In a letter dated May 26, 1987, the plaintiff was informed that she was terminated from her employment. The termination letter did not specify any misconduct by the plaintiff other than general violations of one or more department policies, Civil Service Commission Rules and Code of Ethics provisions. This Court held that the plaintiff was not provided with notice and an adequate pre-termination hearing as required by the City of New Orleans Civil Service Rules and Loudermill, and reversed the Commission's decision affirming the agency's termination of plaintiff's employment.
In the present case, Williams was informed by the letter of April 23, 2001 that termination of her employment was being considered as a result of payroll fraud *105 which occurred on April 13, 2001. The letter stated that the plaintiff "should be prepared to defend [her]self against the charges of payroll fraud that occurred on [her] time card for time worked on Friday, April 13, 2001. This one incident of payroll fraud was the only matter discussed at the pretermination hearing on April 25, 2001. After the hearing, two other incidents of payroll fraud were discovered and plaintiff was terminated on May 1, 2001. The letter of May 1, 2001 states
We have been forced to terminate you because you altered your time card on three (3) separate occasions after your supervisor, Sergeant Oris Buckner, had signed the time card approving your time and attendance. On each occasion your action resulted in a benefit to your pay or leave balance and, thus, constituted payroll fraud."
The letter also revealed that that the committee "reconvened and reviewed additional time cards" after an additional alleged incident of payroll fraud was found after the hearing on April 25, 2001. There is no evidence to suggest that the plaintiff attended the meeting when the committee reconvened and reviewed the additional time cards.
As stated above, the City of New Orleans Civil Service rules and Loudermill require that notice of the charges should fully describe the conduct complained of, setting forth the relevant dates and places and the names of witnesses against the employee to enable the employee to fully answer and prepare a defense. The employee must also be given an adequate opportunity to present a defense. While the plaintiff was given evidence concerning the alleged payroll fraud of April 13, 2001 and allowed to present her defense at the pre-termination hearing on April 25, 2001, the plaintiff was not informed of the other alleged incidents of payroll fraud until she received the termination letter of May 1, 2001. Since the Department of Property Management used these other two incidents of payroll fraud to reach its decision to terminate plaintiff's employment, the plaintiff was entitled to notice of these additional charges and an opportunity to present a defense in regards to these additional charges. The requirements of La. Const. Art. 10 § 8 and Loudermill were not met.
The decision of the Civil Service Commission is reversed and the plaintiff is reinstated. The Department of Property Management can give her proper notice, an explanation of the charges against her, an adequate pre-termination opportunity to respond and proper written notice of termination. Since we have decided this case on a procedural issue, there is no need to discuss the sufficiency of the evidence presented at the Civil Service hearing regarding the alleged misconduct.
For the foregoing reasons, the decision of the Civil Service Commission is reversed and the plaintiff is reinstated.
REVERSED; REINSTATED.