STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1387


LT. RICKEY JONES

VERSUS

CITY OF NATCHITOCHES POLICE DEPT., ET AL.


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 78,525, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and J. David Painter, Judges.

REVERSED AND RENDERED.

William Preston Crews, Jr.
Attorney at Law
P. O. Box 226
Natchitoches, LA 71458-0226
(318) 356-8001
Counsel for Defendants/Appellees:
City of Natchitoches
City of Natchitoches Police Dept.

Charles Raymond Whitehead, Jr.
Whitehead Law Offices
P. O. Box 697
Natchitoches, LA 71458-0697
(318) 352-6481
Counsel for Plaintiff/Appellant:
Lt. Rickey Jones

**SAUNDERS, Judge.**

Appellant, a police officer, was terminated from employment after an incident where he went to a car dealership, where he was also employed, to conduct non-police business while he was on-duty and in uniform. The police department conducted an investigation of the incident, and subsequently, a hearing regarding the allegations against him. Appellant was placed on administrative leave with pay, and was terminated by letter several days later. He appealed his termination to the civil service board, and after a hearing on the matter, the board upheld his termination. He then appealed the board's decision to the judicial district court, which affirmed the decision of the board, finding its members in good faith in upholding Appellant's termination. Appellant now appeals, alleging that he was not afforded the procedural requirements of due process and that the trial court committed legal error in upholding Appellant's termination. We reverse.

**FACTS AND PROCEDURAL HISTORY**

Appellant, Lieutenant Rickey D. Jones, a twenty year veteran of the City of Natchitoches Police Department, was terminated from his employment with the police department on May 19, 2005. In addition to working as a police officer, Appellant was also employed as a car salesman at Natchitoches Ford-Lincoln Mercury (dealership). On the afternoon of March 11, 2005, while on duty and in uniform, Appellant went to the dealership to pick up his paycheck. While he was waiting on the check to be issued, Appellant ran into Ms. Barbara MaCaulay, a customer whom he had helped at the dealership the previous day, and they began talking.

The City of Natchitoches Police Department received an anonymous complaint that Appellant was in uniform conducting non-police business at the dealership. The police department then called upon Lieutenant of Internal Affairs, Micky Dove, to

conduct an investigation of the incident. Upon conclusion of the investigation, Chief Holmes advised Appellant of the allegations against him in letter dated April 22, 2005, and pre-termination hearing before the Natchitoches Municipal Fire & Police Civil Service Board (Board) was set for April 28, 2005; however, the hearing was re-scheduled and was held on May 4, 2005. Appellant was placed on administrative leave with pay on May 6, 2005, and on May 19, 2005, he was terminated by letter. Appellant appealed his termination to the Board, and the hearing on the appeal was held on September 7, 2005. At the conclusion of the hearing, the Board upheld its termination of Appellant by a vote of three to one. Appellant subsequently appealed the Board's decision to the Tenth Judicial District Court, which affirmed the Board's decision, finding that "[t]here was sufficient evidence upon which the Board could have based its decision for legal cause." The court further stated that the Board members' good faith in upholding Appellant's termination was reflected in their discussions in the transcript. Appellant now appeals.

**ASSIGNMENTS OF ERROR:**

1) The trial court committed error of law when it affirmed the decision of the City of Natchitoches Municipal Fire & Police Civil Service Board, finding that there was a valid *Loudermill* decision.

2) The trial court committed error of law when it upheld the Board's ruling that the pre-termination hearing conducted on May 4, 2005, met the requirements of *Loudermill* and Louisiana case law concerning scope and depth of a pre-termination hearing.

The trial court committed error of law when it affirmed the defective notice of termination dated May 19, 2005, and defective notice of termination dated May 20, 2005, with no prior pre-disciplinary hearing.

2

3) The trial court committed error of law when it found that the decision of the Natchitoches Municipal Fire & Police Civil Service Board was correct and the appointing authority established by a preponderance of the evidence that the decision to terminate was correct.

4) The trial court committed error of law when it affirmed the Board's ruling that based upon statements made by Chief of Police Melvin Holmes to the Board at the hearing that he has no alternative method of discipline and that he could not punish Lt. Jones by reprimand or suspension since Lt. Jones had received a ninety day suspension some ten years prior to the date of the instant litigation, contrary to established case law and the provisions of La.R.S. 33:2500(B).

**STANDARD OF REVIEW**

A trial court's factual determinations are subject to the manifest error standard of review and may not be overturned unless they are found to be "manifestly erroneous" or "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required, whenever possible, to redetermine the facts de novo from the entire record and render a judgment on the merits." *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252, p.4 (La. 2/20/95), 650 So.2d 742, 745.

**LAW AND ANALYSIS**

**Assignment of Error Nos. 1&2:**

_____In his brief, Appellant argues that the trial court committed an error of law when it affirmed the decision of the Board, finding that there was a valid *Loudermill* hearing, as well as valid notice of said hearing. The trial court ruled that Appellant correctly cited *Riggins v. Department of Sanitation*, 617 So.2d 112 (La.App. 4 Cir.),

3

*writ denied*, 619 So.2d 1064 (La.1993), which relied on *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985), to hold that prior to a pre-disciplinary hearing, the employee is entitled to: (1) oral or written notice of the charges against him; (2) an explanation of the employer's evidence; and (3) an opportunity to present his side of the story. However, as the trial court pointed out, neither the *Loudermill* case, nor the *Riggins* case states the extent of the information that must be given to the employee. In a Fourth Circuit case, *Knight v. Department of Police*, 619 So.2d 1116 (La.App. 4 Cir.), *writ denied*, 625 So.2d 1058 (La.1993), cited by Appellant, the court held that the employer complied with *Loudermill* by allowing the employee to listen to a tape that formed the basis of the allegations, thereby indicating that an informal exchange of information satisfied the requirements of due process.

In the instant case, Appellant was confronted at the dealership by the Lieutenant of Internal Affairs in charge of the investigation, Micky Dove. He was present during the conversation between Lt. Dove and the owner of the dealership about the incident. Appellant was subsequently notified of the investigation being conducted and was interviewed about the incident on March 22, 2005, in the presence of both his attorney and the owner of the dealership. A letter written by Chief Holmes, dated April 22, 2005, notified Appellant of a pre-disciplinary hearing scheduled on April 28, as well as the nature of the allegation against him and the policies he allegedly violated. The trial court found that it was clear that Appellant knew the nature of the charges against him, the persons allegedly involved, and the policies allegedly violated before the pre-disciplinary hearing, which occurred on May 4, 2005. We agree.

Appellant additionally argues that the pre-disciplinary hearing, itself, was defective. In *Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495, the Supreme Court

4

stated,

> We have pointed out that "[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Boddie v. Connecticut*, 401 U.S., at 378, 91 S.Ct., at 786. See *Cafeteria Workers v. McElroy*, 367 U.S. 886, 894-895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). In general, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action. *Matthews v. Eldridge*, 424 U.S., at 343, 96 S.Ct., at 907.

The trial court pointed out that the transcript of the hearing shows that Chief Holmes outlined the charges against Appellant and gave him the opportunity to explain or dispel his alleged actions. However, at the hearing, Appellant's counsel simply denied everything on Appellant's behalf and said nothing further. Nothing more was required. A subsequent hearing was scheduled for May 6, 2005; however, counsel for Appellant waived appearance for both himself and Appellant, and asked that he be sent a copy of any written decisions that were made by the Board. Thus, the trial court found that the hearing was not defective, as Appellant was present when Chief Holmes presented claims and evidence against him, and he was given an opportunity to give his side of the story. We agree with the trial court's finding that the hearing was not defective, as we find that Appellant was afforded the essential requirements of due process as enumerated in both *Riggins* and *Loudermill.*

**Assignment of Errors Nos. 3 & 4:**

Appellant contends that the trial court committed an error of law when it held that the appointing authority, the police department, established by a preponderance of the evidence that the decision to terminate Appellant was correct. Appellant contends that Chief Holmes' testimony at the court hearing established that he was of the opinion that he was required by law to terminate Appellant and could not impose

5

a suspension or other disciplinary action short of termination for his alleged conduct.

Chief Holmes testified as follows:

> DEPONENT:
> Civil Service rules mandate certain action. Mr. Jones – Lieutenant Jones had been suspended in excess of 90 days. That wasn't an option.
>
> . . . .
>
> But going a little further into this decision that we're making, if you look at the documents and in reviewing his personnel file, you'll find that he had been suspended in excess of 90 days. That leaves no choice as far as a letter of reprimand or suspension. You don't have that choice. That option is gone. ... After he's suspended 90 days, there is no more suspension of any kind.
>
> MR. CUNNINGHAM:
> You can't suspend a man more than once.
>
> THE DEPONENT:
> More than 90 days except for according to the rules of civil procedure law.
>
> MR. WILLIAMS:
> After he's suspended, 90 days, there is no more suspension of any kind.
>
> THE DEPONENT:
> Correct. Now, if you look at the last page of the letter dated May19th, it says, "Subsequent to your suspension letter of 90 days dated the 27th of April, once your suspension period has been completed, and you have returned to full status, should any other infractions or violations occur that would be to a degree of either a severe reprimand and/or suspension, you shall be terminated."
> S-H-A-L-L - - shall be terminated.
> That's saying if any violation arise [sic] to a certain level or certain degree we have no choice but to do that.

Appellant asserts that Chief Holmes based his decision to terminate him upon a previous ninety day suspension he received on May 5, 1995. Chief Holmes represented to the Board that the laws of the state *required* him to terminate Appellant. However, the provisions of La.R.S. 33:2500(B) do not, in fact, prohibit Chief Holmes

6

from imposing suspension or other disciplinary action upon Appellant in the instant case. Louisiana Revised Statutes 33:2500(B) states:

> Unless the cause or condition justifies an employee being permanently removed from the service, *disciplinary action may extend to suspension without pay for a period not exceeding the aggregate of ninety days in any period of twelve consecutive months*, reduction in pay to the rate prevailing for the next lower class, reduction or demotion to a position of any lower class and to the rate of pay prevailing therefor, or such other less drastic action that may be appropriate under the circumstances. Nothing contained herein shall prevent any employee who is physically unable to perform the duties of his position from exercising his rights of voluntary retirement under any applicable law.

(Emphasis added). The statute does not allow suspensions exceeding ninety days within any period of twelve consecutive months, which did not occur in the instant case. Appellant had not been suspended since 1995, more than ten years prior to the incident at issue. Therefore, termination was not the only option for disciplinary action, and Appellant could have been suspended for up to ninety days for his actions, as his previous suspension had not occurred in the past twelve months. It is clear that Chief Holmes mistakenly believed, and mistakenly represented to the Board, that the only appropriate remedy for Appellant's actions was termination. The Board took Chief Holmes' mistaken understanding of the law without argument and, in turn, terminated Appellant. The Board's reliance on Chief Holmes' testimony is reflected in the discussion between the members in transcript of the hearing. After oral argument, Mr. Cunningham, a member of the Board stated, "the fact that he [Appellant] was suspended previously for 90 days meant that he was eligible only for one course of action, and that is dismissal. I am sorry for that. But I see no reason to overturn the Chief's decision, and I can't vote to do so." Another Board member, Mr, Hebert stated, "I agree with Mr Cunningham. . . . I can tell you as a former chief that

7

the last thing you want to do is terminate employment. . . . It's so sad. But you have rules, and you have to obey those rules because the public is who you work for." One more Board member concurred with Mr. Cunningham's decision to uphold the termination, and one did not, resulting in a three to one vote in favor of affirming Appellant's termination. Based on this evidence, we cannot determine whether the Board would have imposed a lesser disciplinary action upon Appellant had they not relied on the testimony of Chief Holmes' mistaken understanding of the law.

On appeal from the decision of the Board, the trial court, in its reasons for judgment, states only, "it is apparent that the City felt that it had no choice but to terminate his employment considering that he had previously received a ninety day suspension." The trial court goes on to state that its review of the Board's decision is limited to the determination of whether it was made in good faith and for legal cause. Therefore, the trial court only ruled on the good faith of the Board. We find, however, that the trial court committed an error of law in relying on Chief Holmes' testimony. Appellant is entitled to a hearing before the Board based on the law, and his hearing was compromised by Chief Holmes' misrepresentation of law, as applied to the situation. The Board had the same misunderstanding, and therefore, it was an error of law for the court to affirm a decision made at a hearing, which was clearly compromised by a misunderstanding of the applicable law. See *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983).

Having determined that the trial court committed an error of law, we must perform a de novo review of the record to determine whether the disciplinary action taken by the Board was appropriate. In *Lafayette v. Fire and Police Civil Service Board.*, 512 So.2d 533, 535 (La.App. 3 Cir. 1987), the court stated:

> The burden of proving legal cause before the

8

Commission shall be on the appointing authority. *City of Kenner v. Pritchett,* [432 So.2d 971 (La.App. 4 Cir. 1982)]; and *Reboul v. Department of Police,* [420 So.2d 491 (La.App. 4 Cir. 1982)]. Thus, the appointing authority must demonstrate, by a preponderance of the evidence that the conduct did in fact impair the efficiency and orderly operation of the public service. *Newman v. Department of Fire*, 425 So.2d 753 (La.1983). If this is proven, then cause is established and there is no constitutional protection for that employee if he is so informed in writing of the cause for his disciplinary action. *City of Kenner v. Pritchett, supra.*

Therefore, in the instant case, the Natchitoches Police Department had the burden of proving that Appellant impaired the efficiency and orderly operation of the police force by disobeying orders and going to the dealership in uniform while on duty. *Id.* Appellant points out, however, that nowhere in Appellant's termination letter do Appellees assert that the orderly operation of the police force was compromised or impaired by Appellant's actions.

Appellant testified that he went to the dealership to collect his check while he was on duty because he was allowed to take unscheduled breaks and he had not taken a break that day. Work had slowed down, and he did not intend to spend a long time at the dealership. He further asserts that he was equipped with a hand-held radio as well a cell phone, and was therefore, in communication with the radio dispatcher at the police station at all times regardless of his location. Moreover, Appellant testified that it was not uncommon for any of the officers to pick up checks from their other employers while on-duty. In fact, Appellant testified that when he and Chief Holmes had worked as security at Natchitoches Health Department together, he used to picked up both his and the Chief's check while he was on-duty.

Ms. MaCaulay's testimony corroborated Appellant's testimony that they coincidentally ran into one another at the dealership and began visiting while they

were waiting to speak to a finance manager. Additionally, she testified that when she requested that Appellant show her the car on the lot again, he explained that he couldn't show her the car, stating, "Well, I'm on duty, you know."

Although Appellant was under orders not to go to the dealership to conduct non-police business while on duty, and at the time of the incident, and Appellant was working as a shift commander, and Chief Holmes testified that he was needed to supervise the other officers on the shift, we find the Board's termination of Appellant excessive. The case law establishes that dismissal is the most extreme form of action that can be taken against a classified state employee. *Dep't of Pub. Safety and Corr. Office of the State Police v. Mensman*, 95-1950 (La. 4/8/96), 671 So.2d 319, *Jones v. Dep't. of Pub. Works*, 573 So.2d 567 (La.App. 5 Cir.), *writ denied*, 577 So.2d 12 (La.1991). Although it is clear that an on-duty police officer who disobeys orders and engages in non-police business may impair the efficient and orderly operation of the police department to some extent, we do not find that the actions in this case did so to such an extent as to warrant the termination of a twenty-year veteran of the police force. The record reflects that after his 1995 suspension, Appellant was promoted to sergeant and subsequently to lieutenant and has received no letters of reprimand or any type of discipline since the 1995 suspension. Moreover, his personnel record reflects that at no point in time has he ever received an unsatisfactory rating. If this case were remanded to the Board for determination of appropriate disciplinary action, it would impose a lesser disciplinary action upon.

"An appellate court will generally not adjudicate issues not ruled upon by the trial court, but when the appellate court has all of the facts and testimony and is able to

10

pronounce with certainty on the case, that appellate court should render such judgment on appeal as the trial court should have rendered at trial." *Kilbourne v. Hosea*, 19 So.2d 279, ___(La.App. 1 Cir. 1944). In this case, the record is complete, and therefore, in the interest of judicial efficiency, we will render a decision in the case in lieu of remanding it. We find that based on the evidence in the record, Appellant's actions do not amount to those befitting a termination, and therefore, find the disciplinary action imposed on Appellant by the Board to be excessive. Accordingly, we reverse the decision of the trial court, and reinstate Appellant to his former position as lieutenant with the City of Natchitoches Police Department. Additionally, we find that Appellant is entitled to receive back pay and benefits from the date of his termination. We further impose a ninety-day suspension, without pay, upon Appellant for his actions. We feel that this suspension is appropriate, as there was testimony in the record that Appellant blatantly disobeyed orders, having been repeatedly warned against going to the dealership while on duty, as well as evidence of the furtherance of a business deal between himself and Ms. MaCaulay.

**CONCLUSION**

After our review of the record, we find that Appellant, Lt. Rickey D. Jones, was afforded the essential requirements of due process enunciated in *Riggins* and *Loudermill*, as he was notified of the allegations against him, he had an explanation of the evidence against him, and he had an opportunity to present his side of the story at the pre-termination hearing. However, we find that the trial court committed an error of law in upholding the Natchitoches Municipal Fire & Police Civil Service Board's termination of Appellant, as it was based on the mistaken belief of Chief

11

Holmes that termination was the sole disciplinary action that could be taken against Appellant. After a de novo review of the record, we find the Board's termination of Appellant to be excessive, and reverse the decision of the trial court in affirming the Board's decision. Accordingly, we reinstate Appellant to the position of Lieutenant with the City of Natchitoches Police Department and additionally order the back payment of Appellant's wages from the date of his termination. We further order the imposition of a ninety-day suspension, without pay, upon Appellant for his actions, as we feel it is supported by the record. All costs of this appeal are assessed to Appellees.

**REVERSED AND RENDERED.**