EDWIN A. LOMBARD, Judge.
| ^his is one of the cases consolidated with Reed v. Department of Police, 06-1498 (La. 4 Cir.App. 10/10/07) en banc, 967 So.2d 606, for determination of the issue of whether the Civil Service Commission erred in determining the termination of police officers without prior notice and an opportunity to be heard was illegal.
The plaintiff, Ronald Moore, a twenty year veteran of the Department of Police of the City of New Orleans (“the City”), reported to duty on August 28, 2005, and remained on duty until September 3, 2005, performing search and rescues in the aftermath of the hurricane and levee breaches. Because his pre-existing medical condition (hypertension) was exacerbated as a result, Officer Moore went to Houston, Texas, to seek medical treatment, advising his supervisor of his condition and location (including his cellular phone number and brother’s mailing address in Houston). He remains under medical care. Although advised by his supervisor that he would be contacted, Officer Moore received no notice of the charges against him before receiving the termination letter dated October 24, |⅞2005, which cited only Rule IX of the Rules of Civil Service[1] as the sole basis for termination.
Although I remain strongly opposed to the court’s decision in Reed, supra,[2] its precedential authority is binding. Accordingly, this matter is reversed and remanded in accordance with Reed, supra.
REVERSED AND REMANDED.
KIRBY, J., concurs in the result.
GORBATY, J., concurs.

. In Knight v. Department of Police, 619 So.2d 1116, 1118 (La.App. 4th Cir.), writ denied, 625 So.2d 1058 (La.1993), the court clearly stated that Rule IX is directed to the appointing authorities and "simply cannot be construed as a rule setting forth prohibited conduct by classified employees.” Knight, 625 So.2d at 1120; see also Brumfield v. Department of Fire, 488 So.2d 1181 (La.App. 4th Cir.1986) (reversing Commission’s ruling that the Superintendent of the Fire Department acted within its boundaries of the regulations of the Department of Fire in invoking Rule IX of the Civil Service Commission to dismiss the plaintiff for inability or unwillingness to perform his duties basis for their termination)

. See, Reed, supra (Lombard, J. dissenting); see also, Fuller, et al. v. Department of Fire, 07-0369 (La. 4 Cir.App. 9/19/07), 968 So.2d 731 (reversing suspension of firefighters who were absent from their posts after the hurricane and failed to return until well after September 22, 2005, deadline imposed by fire department, because application of across-the-board deadline for return was arbitrary and capricious when co-workers failed to convey cut-off date to them and firefighters "did the best they could under horrific conditions to return to work as quickly as possible.”).