672 So.2d 1118 (1996)
Ernest PATTERSON
v.
PERSONNEL BOARD, CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE.
No. 95 CA 1603.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
Rehearing Denied May 16, 1996.
*1119 Alfred Shapiro, Baton Rouge, for Plaintiff-Appellee Ernest Patterson.
Dawn Guillot, Michael Ponder, Baton Rouge, for Defendant-Appellant Personnel Board, City of Baton Rouge and Parish of East Baton Rouge.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
This appeal involves a Civil Service Personnel Board's dismissal of a City of Baton Rouge employee. Mr. Ernest Patterson, a treatment plant operator, received an unsatisfactory rating by the Department of Public Works for the year ending June 30, 1989. A departmental hearing was held on August 2, 1989. He appealed the department's determination on August 9, 1989; however, the outcome of that specific appeal is not clear. Thereafter, by a certified letter dated October 2, 1989, Mr. Patterson was advised by the Director of the Department of Public Works that subsequent to the rating, he had received two verbal warnings, been absent 1½ hours, and used "11-12 hour sick days." He was therewith suspended without pay by the director for three days, beginning Monday, October 9, 1989 through October 11, 1989. That same correspondence advised Mr. Patterson that he was terminated effective Thursday, October 12, 1989.
In a letter dated October 10, 1989, Mr. Patterson requested a hearing before the Civil Service Personnel Board pursuant to Rule XI, Section 1.1 of the Rules Governing Employees in the Classified Service. However, this hearing was delayed until the belated date of April 5, 1993three and one half years later. The Personnel Board ultimately voted to affirm the departmental termination. Mr. Patterson appealed that administrative ruling to the 19th Judicial District Court. The district court reversed the Board's decision on the basis that it was "arbitrary and capricious" and lacked a rational basis. The trial court reasoned that the administrative decision did not contain legal cause supportive of terminating the appellant. This rendering effectively reinstated Mr. Patterson to his position with an award of back pay. From this determination, the City of Baton Rouge and Parish of East Baton Rouge have appealed.
Appellants aver as assignments of error that: "1) The trial court erred in finding the Personnel Board was arbitrary and capricious. 2) The Trial Court erred in failing to find Mr. Patterson's appeal was timely and/or to (sic) that his delays adversely impacted his award." After a thorough review of the record, this court establishes its decision on a constitutional issue overlooked by the trial court. We find that the Civil Service Personnel Board's failure to afford Mr. Patterson a pretermination response in accordance with the requirements set forth in Cleveland Board of Education v. Loudermill 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), violated his constitutional right to due process as a public employee in the civil service system. This constitutional deprivation of some form of pre-adjudication hearing is reversible error.
Mr. Patterson received a letter notifying him that he was unilaterally suspended for three days. The letter also terminated him on the subsequent fourth day, October 12, 1989. Mr. Patterson was not advised in the written transmittal that he had a right to appeal; nor, was he ever advised of his constitutional right to obtain a pretermination hearing pursuant to the express dictates of *1120 the United States Supreme Court in Cleveland Board of Education v. Loudermill 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In that matter, the highest Court ruled that "[a]n essential principle of due process is that a deprivation of life, liberty, or property `be preceded by notice and opportunity for hearing' ... `before he is deprived of any significant property interest'... This principle requires `some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." (citations omitted) Loudermill, id. at 542, 105 S.Ct. at 1493. It is noteworthy that the Supreme Court expressly clarified that the minimum federal procedural mandates are not diminished by the existence of specific local procedures. The opportunity to present reasons, either in person or in writing, as to why a proposed action should not be pursued, is a fundamental due process requirement. Loudermill, id. at 539-41, 544-46, 105 S.Ct. at 1492, 1495.
In another case closer to home, Maurello v. Department of Health and Human Resources, Office of Management and Finance, 546 So.2d 545 (La.App. 1st Cir.1989), this court echoed the Loudermill decision. In a situation analogous to the issue at hand, the Civil Service Commission had not afforded an employee a pretermination opportunity to respond to the dismissal charges, as had been set forth in Loudermill. In that instance, we reversed the ruling of the Civil Service Commission, and set aside Ms. Maurello's termination based on the failure of the administration to adhere to requisite due process requirements. Again, in Ayio v. Parish of West Baton Rouge School Board, 569 So.2d 234, 236 (La.App. 1st Cir.1990), this court acknowledged the pre-disciplinary right of a West Baton Rouge Parish employee to respond to the proposed administrative action, which would affect the employee's property interest in his continued employment. The employee had been suspended without pay pending a termination hearing on the same charges. Invoking the directive of the United States Supreme Court, we reversed the portion of the school board's decision that unilaterally suspended the employee prior to a hearing on the termination,[1] without a pre-suspension hearing on that issue.
In the instant matter, a city-parish departmental memorandum, dated November 28, 1989, expressly acknowledged that a pretermination hearing was not conducted for Mr. Patterson. The correspondence indicated that the requirement was "unknown" at the time of Mr. Patterson's dismissal. Nothing in the record suggests that this procedural omission was ever corrected thereafter. The Civil Service Personnel Board has thus deprived this employee of the opportunity to respond to the charges before implementation of his suspension or dismissal.
The trial court's reversal of the Department of Public Works' dismissal is, accordingly, set aside. The determination of the Personnel Board of the Civil Service Commission is reversed. Mr. Patterson has, in essence, never been legally suspended or terminated. The case is remanded to the Personnel Department, Civil Service Commission, for reconsideration in light of the due process requirements. We do not address the merits of the reasons for his termination. This finding, furthermore, does not prevent the Civil Service Personnel Board from re-examining this matter after adequate notice and the due process requirements have been implemented.
Mr. Patterson is reinstated to his employment status and awarded back pay, subject to a set-off for all wages and salaried income, retirement benefits, and/or unemployment benefits received by Mr. Patterson during the period of his unconstitutional suspension and termination. Costs of this appeal in the sum of four hundred thirty seven and 35/100 dollars ($437.35) are to be assessed against the City of Baton Rouge, Parish of East Baton Rouge.
REVERSED AND REMANDED.
NOTES
[1] The termination was upheld because it complied procedurally with the due process requirement of a pretermination hearing.