727 So.2d 570 (1998)
Richard A. CANNON, Jr.
v.
CITY OF HAMMOND and Hammond Municipal Fire and Police Civil Service Board.
No. 97 CA 2660.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
Rehearing Denied March 4, 1999.
*571 Floyd J. Falcon, Jr., Baton Rouge, John I. Feduccia, Hammond, Counsel for plaintiff/appellant, Richard A. Cannon, Jr.
Reginald J. McIntyre, Hammond, Counsel for defendant/appellee, City of Hammond.
Maurice C. Trippi, Hammond, Counsel for defendant/appellee, Hammond Municipal Fire and Police Civil Service Board.
Before: SHORTESS, C.J., CARTER and WHIPPLE, JJ.
WHIPPLE, J.
Plaintiff, Richard Cannon, was formerly employed by the City of Hammond as a police officer, serving with permanent status. Plaintiff's employment with the Hammond Police Department was terminated pursuant to LSA-R.S. 33:2500 on April 14, 1996 for alleged insubordination. Defendants are the City of Hammond and the Hammond Fire and Police Civil Service Board. Cannon appeals, contending that his procedural due process rights were violated when he was terminated from his classified civil service position without a pre-termination hearing. Finding merit in plaintiff's assignment of error, we reverse.

Facts and Procedural History
Cannon was employed as a policeman for the City of Hammond. On February 28, 1996, Sgt. Terry Zaffuto, Cannon's superior officer, filed a disciplinary action form against Cannon, complaining that Cannon had disobeyed a direct order. The action sheet alleged that Cannon had requested authorization to go out to the City Training Center with other officers; Cannon's sergeant refused; and Cannon was instructed to resume regular patrol. Cannon allegedly disobeyed the sergeant's order and went to the training center.
On February 29, 1996, Cannon was suspended with pay pending an investigation into the claim that he had been insubordinate to a superior officer on February 28, 1996. He also was notified in writing that he was the subject of an administrative investigation for insubordination, that he should review his rights and responsibilities in an investigation and that he should review the Police Officer's Bill of Rights, LSA-R.S. 40:2531, et seq. Copies of these documents were not provided to Cannon, although he apparently could have requested copies of them.
Aside from the written notice Cannon received on February 29, 1996 advising that he was being suspended with pay until an investigation concerning his alleged insubordination was completed, no representative of the City of Hammond contacted Cannon until he was called at home and told to attend an April 9, 1996 "Exit Interview." Thereafter, Cannon was notified in writing that he had been terminated, effective April 14, 1996.
Cannon appealed his termination to the Hammond Fire and Police Civil Service Board which upheld the decision of the City *572 of Hammond to terminate Cannon's employment. Cannon timely filed suit in the Twenty-first Judicial District Court appealing the decision of the Board. The trial court affirmed the Board's decision and dismissed Cannon's appeal. From the trial court's affirmation of the Board's decision and dismissal of plaintiff's suit, Cannon perfected this appeal. On appeal, he claims that his procedural due process rights were violated when he was terminated from his classified civil service position without a pre-termination hearing.[1]

Discussion
Pursuant to Art. 10, § 12 of the Louisiana Constitution, the Hammond Fire and Police Civil Service Board has the exclusive power and authority to hear and decide removal and disciplinary cases involving police officers serving in the City of Hammond's classified civil service. A decision of the Board is subject to review on any question of law or fact appealed to the court of appeal. La. Const. Art. 10, § 12. On appellate review, findings of fact of the Board are not to be overturned in the absence of manifest error, and the Board's conclusion as to the existence or absence of cause for dismissal should not be disturbed unless the decision is arbitrary, capricious or an abuse of the Board's discretion. Dumez v. Houma Municipal Fire & Police Civil Service Board, 408 So.2d 403, 406-407 (La.App. 1st Cir. 1981). Nevertheless, an appellate court's review of the Board's decisions as to jurisdiction, procedure and interpretation of laws and regulations is not so limited. Department of Public Safety and Corrections, Office of Youth Services v. Savoie, 569 So.2d 139, 141 (La.App. 1st Cir.1990). In this case, Cannon's first assignment of error raises questions of procedural due process, and our review is not limited by the abuse of discretion or manifest error standard. Savoie, 569 So.2d at 141.
The due process clause provides that the right to life, liberty and property cannot be deprived except pursuant to constitutionally adequate procedures. U.S. Const., Am. XIV. A due process claim in the context of civil service employment depends upon an employee having a property right in continued comparable employment. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). It is undisputed that Cannon was serving with permanent status in the classified civil service and held a position with the Hammond Police Department; therefore, he possesses a property right of which he cannot be deprived without cause and procedural due process. La. Const. Art. 10, Sec. 8(A); Savoie, 569 So.2d at 141. Therefore, the question presented to this court is whether the City of Hammond met procedural due process requirements.
The basic procedural due process requirements are notice and an opportunity to respond. Before an employee with permanent status may be discharged, he is entitled to oral or written notice of the charges against him, an explanation of his employer's evidence, and an opportunity to present his side of the story. Loudermill, 470 U.S. at 546, 105 S.Ct. at 1495. Thus, due process requires, at a minimum, some type of a pre-termination hearing before a tenured employee is discharged. Savoie, 569 So.2d at 141.
In determining whether a particular pre-termination hearing satisfies the Loudermill requirements, we must balance the competing interests at stake, namely: "the private interest in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens [sic] and the risk of erroneous termination." Loudermill, 470 U.S. at 543, 105 S.Ct. at 1493.
In the instant case, we find that the City of Hammond did not fulfill the Loudermill requirements before discharging Cannon. Although Cannon received both oral and written notice that he was the subject of *573 an administrative investigation for charges of insubordination prior to being suspended with pay, at no point did the City explain to Cannon the evidence supporting the charge of insubordination nor did the City afford Cannon a meaningful pre-termination hearing prior to the decision to terminate.
The Hammond Chief of Police testified that he did not conduct any pre-termination hearing with Cannon nor did he (or anyone in the Police Department) review the charges with Cannon. He admitted that no investigation of the February 28, 1996 incident involving Cannon was completed by the Police Department. Although statements of officers who witnessed the event were taken on the night of the incident, no one from the Police Department ever took a statement from Cannon to determine his side of the story.[2] Although the Hammond Police Department usually conducts its own investigation of disciplinary matters before involving the City Personnel Department, the disciplinary action concerning Cannon was forwarded to the Hammond Personnel Department without a Police Department investigation having been completed.
The only other contact Cannon had with the City before he received the letter of termination was on April 9, 1996, two months after being suspended with pay. On that day, Keith Bobb-Semple, the Director of Personnel for the City of Hammond, called and asked Cannon to come into the office in order to give a statement. Bobb-Semple testified that although the Mayor had already made the decision to terminate Cannon's employment, Bobb-Semple called Cannon in because he realized the record was incomplete inasmuch as it contained no statement from Cannon. Cannon agreed to come in, reported to the Personnel Office and gave a written statement describing his version of the events that took place on February 28, 1996.
The meeting between Cannon and Bobb-Semple lasted less than thirty minutes. The Director did not advise Cannon of the nature of the meeting and advised Cannon only at the conclusion of the meeting that he could be terminated at any time. Cannon was not advised that he could have counsel present, that he could take notes or that the meeting was required by law to be taped according to the Police Officers' Bill of Rights. Nor was he advised prior to the meeting that he could request to review the evidence against him or that he could call his own witnesses. Bobb-Semple testified that he made a conscious decision that the Police Officers' Bill of Rights was not relevant to the April 9, 1996 interview with Cannon. He testified he did not consider this meeting to be part of the investigation and instead considered it to be an "Exit Interview" because, "at that time the decision to terminate had already been made by the Mayor." Bobb-Semple explained that at Exit Interviews, a form is completed and the employee is afforded an opportunity to communicate any further information needed for paperwork in the file for the benefit of the City.
According to Bobb-Semple, the statement Cannon gave him contradicted a statement given by the police officer who filed the complaint against Cannon, i.e., Cannon claimed that he had received authorization to go to the shooting range from another superior officer, Lt. Day. Therefore, before sending a recommendation packet into the Mayor's office for his signature, Bobb-Semple requested a written statement from Lt. Day. After the meeting with Cannon and receipt of the statement from Lt. Day, Bobb-Semple signed the disciplinary form on April 15, 1996, and Cannon was terminated effective April 14, 1996.
This meeting with the City Personnel Director is the only time Cannon met with City personnel and is the only meeting which could be characterized as a pre-termination hearing. We find that this meeting falls short of the Loudermill requirements in that (1) there is testimony that the decision to terminate had already been made, (2) Cannon was never given a chance to review the City's evidence against him, and (3) Cannon was not advised he could have counsel present nor was he given a chance to prepare in *574 advance for the meeting with the Director of Personnel.[3]
After a thorough review of the record, we find that the learned trial judge herein erred in concluding the procedures followed herein satisfied constitutional due process. We find that the Hammond Fire and Police Civil Service Board's failure to adopt a pre-termination procedure (as evidenced by the testimony of the City Personnel Director and the Chief of Police, Chief Roddy Devall) and the failure to afford Cannon a meaningful pre-termination hearing in accordance with the requirements of Loudermill violated the constitutional right to due process as a public employee in the civil service system. This constitutional deprivation of some form of pre-termination hearing is reversible error. Patterson v. Personnel Board, City of Baton Rouge and Parish of East Baton Rouge, 95-1603, pp. 2-3 (La.App. 1st Cir.4/4/96); 672 So.2d 1118, 1119, writ denied, 96-1620 (La.9/27/96); 679 So.2d 1348.

CONCLUSION
For these reasons, the trial court's judgment affirming the decision of the Hammond Fire and Police Civil Service Board is set aside. Cannon is reinstated to his employment status and awarded back pay, subject to set off for all wages and salaried income, retirement benefits, and/or unemployment benefits received by Cannon during the period of his unconstitutional suspension and termination. Costs of this appeal in the amount of $388.00 are assessed against the Hammond Fire and Police Civil Service Board.
REVERSED AND REMANDED.
NOTES
[1] Although Cannon has presented four assignments of error on appeal, we find it necessary to address only the first: that the Hammond Fire and Police Civil Service Board erred in failing to conclude that Richard A. Cannon was not afforded proper pre-termination notice and an opportunity to respond as required by the Fourteenth Amendment to the U.S. Constitution and Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).
[2] The Chief of Police testified that he believed no investigation was warranted and stated that no investigation by the police department had ever been started.
[3] Cf. Knight v. Department of Police, 619 So.2d 1116, 1118 (La.App. 4th Cir.), writ denied, 625 So.2d 1058 (La.1993), wherein the discharged employee was permitted to review the evidence against him, prepared a statement for a disciplinary hearing, was given an opportunity to be heard in a disciplinary hearing in which the employee had an opportunity to answer the charges against him and to present mitigating factors. Additionally the employee could have elected to have counsel present.