I,WILLIAMS, Judge.
The plaintiff, City of Winnfield (the “City”), appeals a judgment denying its petition to reverse the decision of the Municipal Fire and Police Civil Service Board *1240 of the City of Winnfield (“the Board”) to reinstate Kevin Miles as a sergeant in the Winnfield Police Department. For the fol- . lowing reasons, we reverse and remand the matter to the Board for further proceedings consistent with this opinion.
FACTS
Kevin Miles, an officer with the Winn-field Police Department, was conditionally promoted to the rank of sergeant. Miles’ probationary period was to expire on December 11, 2002, at which time he was to be either confirmed or rejected as sergeant. A failure to act by the City would be a confirmation of the promotion.
On December 9, 2002, the Mayor of the City, Deano Thornton, notified Miles that the Winnfield City Council (the “City Council”) would meet the next day to discuss a “Disciplinary Action Matter” against Miles. On December 10, 2002, the City = Council rejected the permanent appointment of Miles to sergeant; thus, Miles was returned to his previous rank, of patrolman. The City Council’s action was based upon the recommendation of the Chief of Police, Benji Phelps, allegedly due to Miles’ “lack of ability in the position of Sergeant.”
Chief Phelps informed the Board of the City Council’s action by letter dated December 11, 2002. A copy of the letter was sent to Miles by certified mail to 1102-A Maple Street, Winnfield, Louisiana, the same address at which Miles received his supplemental pay from the Louisiana | ^Department of Public Safety; however, the envelope containing the letter was returned “UNCLAIMED.” At its meeting of December 19, 2002, the Board accepted the action of the City Council. Sometime thereafter, Miles filed with the Board an appeal of the City Council’s December 10th action. The request is undated, and there is no file-stamp indicating when it was received by the Board.
Miles’ appeal was ultimately considered at the Board’s meeting of June 30, 2003. Notice was given to Board members seven days in advance advising them of the date, time, and place of the meeting. Among the “items to be considered” was a “Request for Hearing — Kevin P. Miles.” The notice did not indicate whether it had been mailed to the City. Miles appeared at the meeting; however, no representative of the City appeared. The Board found that Miles had not received notice of the City Council’s action at the meeting of December 10th rejecting his appointment as sergeant. The Board voted to reinstate Miles to a permanent position of sergeant with back pay.
The City filed a petition for judicial review in the district court alleging that the Board’s action was in error because: (1) it failed to provide the City with the statutorily required notice of the June 30, 2003 hearing; (2) notice of the City Council’s action rejecting Miles’ promotion was not required; and (3) Miles’ appeal to the Board was not timely. The City and Miles submitted written memoranda to the court addressing the above issues. The district court rendered judgment denying the City’s request for reversal of the Board’s decision. The City appeals the judgment.
IcDISCUSSION
The City initially contends that Miles’ appeal to the Board was untimely, and thus, should have been dismissed by the Board. Permanent appointments and promotions for police officers in the classified civil service for the City of Winnfield are governed by the provisions of the Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts. LSA-R.S. 33:2531, et seq. Appeals of the appointing authority’s action are governed by LSA-R.S. 33:2561, which provides in pertinent part:
*1241 A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
The City argues that the untimeliness is evidenced by the fact that Miles did not place a date on his letter appealing the City Council’s decision. The Board’s failure to post the date of receipt on the written request for appeal prevents this court from definitively determining the date the request was made. Absent conclusive evidence that Miles’ appeal was filed more than 15 days after the City Council’s action was taken, we cannot determine that issue on this record. However, in view of our reversal of this case for the procedural reason discussed below, the City may assert the timeliness of Miles’ appeal on remand.

Statutory Notice

The City contends the district court erred in declining to reverse the |4Board’s decision. The City argues that the Board’s meeting was improper because the City did not receive appropriate notice of the appeal hearing.
The proper procedures for promotions within the civil service system are set forth in LSA-R.S. 33:2555, which provides in pertinent part:
A. Every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working test while occupying the position before he may be confirmed as a regular and permanent employee in the position.
[[Image here]]
C. Upon any employee completing his working test, the appointing authority shall so advise the board and furnish a signed statement to the respective employee of its confirmation and acceptance of the employee as a regular and permanent employee in the respective position or of its refusal to confirm the employee, and the reasons therefor. If, at the expiration of an employee’s working test period, the appointing authority fails to confirm or reject the employee, such failure to act shall constitute a confirmation. Any employee who is rejected after serving a working test of six months but not more than one year may appeal to the board only upon the grounds that he was not given a fair opportunity to prove his ability in the position.
[[Image here]]
E. In any event where any employee is permitted under this Part to appeal to the board, the decision of the board shall be subject to the judicial review provided by this Part and the appointing authority and employee shall be governed accordingly.
In addition, LSA-R.S. 33:2561(B)(1) expressly states that no hearing shall be held by the Board “unless both the employee and the appointing authority have been advised at least ten days in advance thereof of the date, time, and place therefor.” An appellate court’s review of the Board’s decisions as to jurisdiction, procedure, and interpretation of laws and regulations is not limited by the abuse of discretion or manifest error standard. Cannon v. City of Hammond, 97-2660 (La. App. 1st Cir. 12/28/98), 727 So.2d 570.
The record in the present matter demonstrates that following the employee’s completion of the “working test” period, the City complied with the requirements *1242 of LSA-R.S.' 33:2555(C) by so advising the Board and furnishing Miles with a signed statement of the City’s reason for the refusal to confirm his promotion. The notification letter was mailed to Miles via certified mail, but he - failed to claim the correspondence.
On June 23, 2003, the Board issued notice that a meeting was to take place seven days later on June 30, 2003, and that among the “items to be considered” was a “Request for Hearing — Kevin P. Miles.” The notice does not indicate on its face if or when it was mailed to the City. Nevertheless, even assuming it was mailed to the City on June 23, 2003, pursuant to LSA-R.S. 33:2561, the notice was not timely and did not actually advise the City that a hearing on Miles’ appeal was to take place. Rather, the notice advises only that the Board will consider Miles’ “request” for a hearing.
Citing Trahan v. City of Jennings Municipal Fire & Police Civil Service Board, 411 So.2d 1242 (La.App. 3rd Cir.1982), Miles asserts in his brief that' the City must show prejudice due to the lack of notice to prevail in this case. In Trahan, the court found that absent some showing that the'employee was prejudiced by the Board’s failure' to timely provide a transcript of its hearing to the district court, such delay was harmless. Contrary to Miles’ assertion, the statutory provision applicable in Trahan can be distinguished from that which applies in the present case. Here, LSA-R.S. 33:2561(B) expressly prohibits the Board from holding a hearing [(¡unless the parties receive notice “at least ten days in advance” of the date, time and place of the proceeding. The statute does not contain any similar sanction for the Board’s failure to timely file a certified transcript with the designated court. See LSA-R.S. 33:2561(E). Miles’ argument lacks merit.
• This casé involves the straightforward application of a statutory notice requirement with which the Board failed to comply, thereby depriving the City of the opportunity to be heard. This failure meant that the Board could not hold a'valid hearing on this matter. Thus, the district court erred in upholding the Board’s decision made at such a hearing.
Accordingly, we shall reverse the judgment and remand the matter to the Board for a hearing on the employee’s appeal to be held after the required notice has been provided to the parties in accordance with LSA-R.S. 33:2561(B)(1). On remand, the Board shall take note that pursuant to LSA-R.S. 33:2555(0, Miles’ appeal of the City’s decision is allowed only upon the grounds that he was not given a fair opportunity to prove his ability in the position of sergeant.
CONCLUSION
For the foregoing reasons, the district court’s judgment denying the City’s petition for judicial review is reversed and this matter is remanded to the Municipal Fire and Police Civil Service Board of the City of Winnfield for further proceedings consistent with this opinion. Costs of this appeal are assessed, as allowed by law, to the appellées, Kévin Miles and the Municipal Fire and Police Civil Service Board of the City of Winnfield.
REVERSED AND REMANDED.
BROWN, C.J., dissents with written reasons.