Judgment rendered May 25, 2022..
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,463-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DELANDRO WASHINGTON                    Plaintiff-Appellant

Versus

SHREVEPORT FIRE AND POLICE             Defendants-Appellees
CIVIL SERVICE BOARD AND
CITY OF SHREVEPORT

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 627577

Honorable Michael A. Pitman, Judge

* * * * *

BRAINARD & BRAINARD, LLC               Counsel for Appellant
By: Eron Jay Brainard

BILLY RAY CASEY                        Counsel for Appellee,
                                       Shreveport Fire & Police
                                       Civil Service Board

CARMOUCHE, BOKENFOHR, ET AL.           Counsel for Appellee,
By: Nichole M. Buckle                  City of Shreveport

* * * * *

Before STONE, STEPHENS, and THOMPSON, JJ.

**STEPHENS, J.**

This appeal arises out of the district court's judgment upholding a ruling by the Shreveport Municipal Fire and Police Civil Service Board ("the Board") based on the trial court's determination that the Board acted in good faith and for cause when it found that there were no violations of Shreveport Police Officer Delandro Washington's due process rights or the minimum standards for administrative investigations and discipline as set forth in La. R.S. 40:2531. For the reasons set forth below, we reverse the judgment of the district court.

## FACTS/PROCEDURAL HISTORY

The Shreveport Police Department (sometimes hereinafter referred to as "SPD") received a complaint from an individual concerning Ofc. Washington on January 24, 2020. Officer Washington was provided with written notification dated January 28, 2020,[1] which informed him that an investigation into the complaint had been initiated.[2] The complainant was interviewed by the Internal Affairs Bureau (sometimes hereinafter referred to as "IAB") on March 2, 2020. Officer Washington and other witnesses

---

[1] The copy of this notice entered into evidence as City #2 does not indicate that Officer Washington received this notice on January 28, 2020; instead, his signature on the communication indicates his receipt on February 21, 2020.

[2] Specifically, the notice provided:

This is to notify you that an investigation is being initiated into an incident that occurred on January 23, 2020, involving you. Specifically, it is alleged that you arrested the complainant without cause. It is further alleged that you sent messages to the complainant stating you wanted to fight and the complainant states his arrest was personal because of his relationship with your estranged wife. It is further alleged that you accessed the complainant's criminal history and disclosed that information to your estranged wife without having a valid reason for doing so. This may be a possible violation of SPD 306.01, Commissioned Personnel, Duties and Responsibilities, SPD 601.01, Arrests General, and SPD 403.01, Criminal Justice Information Access.

were also interviewed, and the IAB investigator prepared a report with his findings, which did not conclude that the complaints against Ofc. Washington should be sustained. The IAB report was sent to the chief of police and his senior chain of command with a comments page for SPD leadership to complete. The Internal Affairs captain and an assistant chief both concurred with the IAB report's findings that no sustained complaint was warranted. However, the chief and deputy chief did not concur with the IAB investigation report. The chief handwrote that there was a violation of 601.01 but found no violations on two other policy numbers and dated the comments "3/15/20." Having found one violation, the chief of police ordered that a Pre-Disciplinary Hearing (hereinafter sometimes referred to as "PDH") be scheduled, which in accordance with policy is a hearing to determine the amount of discipline to be imposed. SPD policy requires that the officer receive a copy of the IAB report with any notice of a PDH.

Officer Washington received written notification of the PDH on March 18, 2020. Attached to this notice was the IAB investigative report. Contrary to the PDH notification, which sets forth simply that there was an investigation, a determination that Ofc. Washington violated SPD policy 601.01, and the date, time and place for the PDH, the attached IAB report specifically states that "the Internal Affairs Bureau Could Not determine whether or not Officer Delandro Washington #1573 is in violation of SPD 601.01, Arrests General." The IAB report also found that the other potential violations should not be sustained.

Officer Washington attended the hearing headed by Deputy Chief White, who advised at the outset *that the complaint was already sustained*. At the conclusion of the PDH, a discipline of a three-days' pay fine was

imposed. The discipline was appealed by Ofc. Washington to the Shreveport Municipal Fire and Police Civil Service Board ("the Board"). One argument made by Ofc. Washington was that the discipline should be set aside because the City failed to comply with minimum standards regarding administrative investigations and discipline set forth in La. R.S. 40:2531. *Subsequent to the hearing*, Ofc. Washington and the Board were provided with a Shreveport Personnel Action form dated June 3, 2020, that states "[o]n 06/02/2020, employee was issued a 3 day fine or violation of Department Rules and Regulations." *No factual reasons were provided to the Board or Washington*. The matter was heard and decided by the Board on November 11, 2020. The hearing was bifurcated *to hear the procedural issues only*. By a 4-2 vote, the Board found no violations, and Ofc. Washington appealed to the First Judicial District Court, which found that the Board acted in good faith and for cause and upheld the Board's ruling on June 28, 2021. It is from this judgment that Ofc. Washington has appealed.

## DISCUSSION

In his first assignment of error, Ofc. Washington argues that the Board erred in failing to rule his discipline was an absolute nullity after being presented with undisputed evidence that pursuant to SPD policy, the City in this matter failed to provide him with a pre-disciplinary hearing that comported with a due process requirements when: it had been decided by the police chief *before the hearing* that the complaint was sustained; and, at the hearing, Ofc. Washington was prohibited from presenting evidence in front of someone who had authority to determine that the complaint should not be sustained (or to determine, after hearing

3

the officer's side, that a previously sustained complaint could be reduced to a classification that carried no punishment).[3] Furthermore, asserts Ofc. Washington, the district court, acting in its appellate capacity, erred in not reversing the Board on this issue.

According to the Board, in this case, the trial court correctly affirmed the Board's decision which found that City did not violate Ofc. Washington's Bill of Rights or deny him due process. The record shows that the City timely delivered a notice of PDH to Washington within the applicable statutory time limits. The Board was tasked with deciding the issue(s) presented based upon the evidenced adduced; the standard was whether the action(s) taken was/were in good faith for cause. An appeal of the Board's decision is confined to a determination of whether the Board correctly applied that standard. *See*, La. R.S. 33:2501(E)(3).

The City urges that the SPD's procedures for conducting administrative investigations and disciplinary procedures, set forth in SPD General Order 305.08, do not violate La. R.S. 40:2531 and/or due process requirements simply because an employee is not granted an in-person hearing with a person of authority prior to a complaint being sustained. According to the City, neither La. R.S. 40:2531 nor due process requires this. Instead, the only hearing required is the one made after it has been determined that disciplinary action is warranted, i.e., after a complaint has been sustained, argues the City.

---

[3] Pursuant to SPD General Order 305.08, V. INVESTIGATIVE PROCESS, Subsection (E) (13) provides in part, "[o]nce the investigation is complete, the complaint shall be deemed sustained, not sustained, exonerated, unfounded, policy failure, or false complaint."

4

In Louisiana, police employees with permanent status in the classified civil service have a property interest in their employment and cannot be terminated or disciplined except for cause and with due process of law. La. Const. Art. I, § 2, and Art. X, § 8; *Bell v. Dep't of Health and Human Resources*, 483 So. 2d 945 (La. 1986), *cert. denied*, 479 U.S. 827, 107 S. Ct. 105, 93 L. Ed. 2d 55 (1986). The framework for investigating complaints against and imposing discipline on law enforcement officers establishes certain due process safeguards to protect the right of challenging the allegations complained in a complaint. "[T]he central meaning of procedural due process is well settled. Persons whose rights may be affected are entitled to be heard; and in order that they may enjoy that right, they must first be notified." *Moore v. Ware*, 2001-3341 (La. 2/25/03), 839 So. 2d 940, 949, citing *Wilson v. City of New Orleans*, 479 So. 2d 891, 894 (La. 1985). This right to notice and opportunity to be heard must be extended at a meaningful time and in a meaningful manner. *Moore, supra; Fuentes v. Shevia*, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972).

The Louisiana Police Officer Bill of Rights establishes *minimum standards* for investigations. La. R.S. 40:2531(B)(7); *City of Shreveport v. Shreveport Municipal Fire & Police Civil Service Board*, 53,954 (La. App. 2 Cir 05/26/21), 322 So. 3d 388, *writ denied*, 2021-00905 (La. 10/19/21), 326 So. 3d 263. La. R.S. 40:2531(C) provides:

> There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

5

Any violation of the six minimum standards set forth in the statute renders the proceedings a nullity. *City of Shreveport*, *supra*; *Coburn v. City of Bossier City*, 09-01970, 2012 WL 2427038 (W.D. La. June 26, 2012). It goes without saying that, should we find that a violation of Ofc. Washington's due process rights occurred, the discipline imposed will be set aside. *See*, *Cannon v. City of Hammond*, 1997-2660 (La. App. 1 Cir. 12/28/98), 727 So. 2d 570; *Procell v. City of Baker Police Dep't*, 2019-1523 (La. App. 1 Cir. 11/12/20), 2020 WL 6627228 (unpublished).

An appellate court's review of the Board's decisions as to jurisdiction, procedure, and interpretation of laws and regulations is not limited by the abuse of discretion or manifest error standard. *City of Winnfield v. Miles*, 38,542 (La. App. 2 Cir. 7/21/04), 877 So. 2d 1239; *Williams v. Dept. of Property Mgmt.*, 2002-1407 (La. App. 4 Cir. 4/16/03), 846 So. 2d 102, *writ denied*, 2003-1379 (La. 9/26/03), 854 So. 2d 362; *Cannon, supra*. Likewise, as found by the court in *Savoie, infra*, an appellate court's review of questions of procedural due process is not limited by the abuse of discretion or manifest error standard. *Cannon, supra; Dept. of Public Safety and Corrections, Office of Youth Services v. Savoie*, 569 So. 2d 139, 141 (La. App. 1 Cir. 1990). *See also*, *Marcantel v. Dept. of Transportation and Development*, 590 So. 2d 1253 (La. App. 1 Cir. 1991).

The evidence adduced at trial established that previous SPD policy and practice was to allow an officer a hearing as to whether the complaint would be sustained. Pam Breedlove, an attorney who previously represented the Civil Service Board as well as officers in numerous cases of discipline, provided uncontradicted testimony that in years past, the issue of whether a complaint would be sustained was determined *after a hearing* and that the

6

person handling the PDH had authority to sustain the complaint or not. Attorney Breedlove also testified that the forms used in past years showed that the allegations were not sustained until after the hearings, *unlike the current forms which all presume a sustained complaint and preclude any outcome that doesn't involve the imposition of some form of discipline*. An example of this is the SPD Notice of Disciplinary Action filled out after the PDH in this case. The form has four boxes within which a mark can be made, indicating the discipline action selected. The options are: letter of reprimand; ___ day(s) fine; ___ day(s) suspension without pay; and, demotion and termination. The only choice on the form for the person handling the PDH is discipline—choosing *not* to sustain the complaint, in other words, is not even an available option. Thus, the PDH merely serves as a glorified sentencing hearing.

The trial court in *City of Shreveport*, *supra* at 397, found that the sustained complaint was an adverse action against which Officer Peyton was not afforded the opportunity to contest the allegations made in the complaint against him. In *City of Shreveport, supra*, the City's failure to comply with the time delays established for the investigation resulted in the sustained complaint against Ofc. Peyton being a nullity. It is clear throughout the record in the instant case, from the City's questioning and arguments to the testimony of the police chief, that the City maintains its position that *a sustained complaint itself* is not an adverse action intended to be used as corrective or disciplinary in nature. In the instant matter, as in *City of Shreveport, supra*, a sustained complaint triggers the protections of La. R.S. 40:2531 and due process entitling an employee such as Ofc. Washington to

7

notice and a meaningful pre-disciplinary chance to be heard *before* "irrevocable" disciplinary decisions such as a sustained complaint are made.

Officer Washington had already been found guilty (as a result of the complaint having been "sustained") before he walked into the PDH. *By SPD's own policy he could not present evidence that the violation should be classified as anything other than "sustained," and the deputy chief had no authority to reverse the police chief's prior determination.* The City argued repeatedly that the IAB interrogation provided the officer with either notice or some form of hearing. This argument is without merit. As Chief Ben Raymond testified, at the time the officer is being interrogated by IAB, *there has been no finding of wrongdoing by the department.* Without a finding of wrongdoing by the department, regarding what specifically is the officer to be "noticed?" The interrogation is simply a stage in the investigation into a complaint that has been filed; it cannot serve as more than what it is in order to satisfy due process requirements that are lacking elsewhere.

In the instant case, Ofc. Washington should have had a PDH before the chief (or his duly designated representative) who *could have determined* that no discipline was warranted after hearing any evidence or argument presented by Ofc. Washington or his counsel. Simply put, the procedural regimen currently being utilized by the SPD fails to provide the officer with a meaningful opportunity to be heard in violation of La. Const. Art. I, § 2, and Art. X, § 8. Since Ofc. Washington was not afforded the procedural due process rights to which he was entitled, his discipline is invalid as an absolute nullity. The Board and district court erred in concluding otherwise.

Based on our resolution of the first assignment of error, we pretermit a discussion of the issues raised by Ofc. Washington's remaining assignments of error.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court is reversed. Pursuant to La. R.S. 13:5112, court costs in the amount of $2,971.57, which include the court reporter's costs for transcription, are assessed equally to the City of Shreveport and the Shreveport Fire and Police Civil Service Board.

**REVERSED.**