I,KATZ, Judge.

FACTS AND PROCEDURAL HISTORY

Melvin Henderson was suspended and ultimately dismissed from his job as Public Works Supervisor 1 with the Sewerage and Water Board of New Orleans (the Board) on grounds of physically attacking his supervisor. Henderson appealed his termination to the Civil Service Commission (the Commission) and filed a Motion and Memorandum for Summary Disposition of Appeal in which he argued that the Board’s failure to afford him written notice of the reason(s) for his suspension and pre-termination hearing constituted a denial of procedural due process. The Board opposed Henderson’s appeal asserting that he received adequate notice, written and oral, of the disciplinary action. Moreover, the Board maintained that at his pre-ter-mination hearing, Henderson did not indicate he was unaware of the reasons for the disciplinary action.
The Civil Service Commission granted Henderson’s appeal concluding “ ... that the notices of suspension ... and pre-termination hearing ... were fatally defective under current law.” The Commission ordered Henderson reinstated with all back pay and emoluments.
The Board now urges this appeal.
| ^DISCUSSION
The Board argues the Civil Service Commission erred in reinstating Henderson on grounds of a violation of due process. Buttressing its position, the Board contends that it afforded Henderson notice in conformity with Article 10, Section 8 of the Louisiana Constitution; Rule IX, Section 1.2 of the Rules of the Civil Service Commission; and Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).
Louisiana Constitution Article 10 Section 8 provides in part that: “No person who has gained permanent status in classified state or city service shall be subject to *254 disciplinary action except for cause expressed in writing.”
Rule IX, Section 1.2 of the Rules of the Civil Service Commission for the City of New Orleans states:
In every case of termination of employment of a regular employee, the appointing authority shall conduct a pre-termi-nation hearing as required by law and shall notify the employee of the disciplinary action being recommended prior to taking the action.
In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the United States Supreme Court held:
The essential requirements of due process ... are notice and an opportunity to respond.... The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story... .To require more than this prior to termination would intrude to an unwarranted extent on the government’s interest in quickly removing an unsatisfactory employee. 470 U.S. at 546, 105 S.Ct. at 1495 (citations omitted).
In Riggins v. Department of Sanitation, 92-1921 (La.App. 4 Cir.1993), 617 So.2d 112, writ denied 93-1146 (La.6/18/93), 619 So.2d 1064, this Court reviewed Louder-mill in light of Rule IX, Section 1.2 of the Rules of the Civil Service UCommission and concluded that an employee is entitled to advance notice of the charges and evidence against him prior to his pre-termination hearing.
Before a discussion of the merits of this appeal, we note that because of the summary nature of Henderson’s appeal to the Commission, no testimony was taken; hence, the only evidence in the record before this Court is documentary.
The letter, dated February 26, 1999, by which the Board “notified” Henderson of his suspension from his job simply states that he is being suspended “pending an investigation by the Board” and that “[he] will be contacted for further information”.
The letter addressed to Henderson, dated March 11, 1999, “notifying” him of his pre-termination hearing states:
You are directed to report to the office of your supervisor for a Pre-Termi-nation Hearing as follows:
Date: Monday, March 15,1999
Place: 2900 Peoples Avenue,
Conference Room, # 222
Time: 8:00 a.m.
If you have any questions, please contact me at (504)942-3875.
/s/ Warren J. Lawrence Chief of Networks
The letter dated March 3, 1999 is indistinguishable from the March 11, 1999 letter except the hearing date is different. Neither of the referenced letters contains a statement' of the charge against Henderson; Riggins, 617 So.2d at 115, citing Bell v. Department of Health and Human Resources, 477 So.2d 91 (La.1985), rehearing denied, 483 So.2d 945 (La.1986), cert. den. 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986), or “explanation of the employer’s evidence ... ”. Loudermill, at 546.
An explanation of the evidence is a prerequisite to the employee’s pre-termination opportunity to present his side of the story. Webb v. Department of Safety & Permits, 543 So.2d 582 (La.App. 4 Cir. 1989).
In support of its assertion of oral notification, the Board offered the affidavits of Board administrative personnel. Rogers Mitchell, a Supervisor II assigned to the Support Department of the Sewerage and Water Board, executed an affidavit which in pertinent part attests that “... sometime prior to the [pre-termination] hearing he told Mr. Henderson that [Henderson] would probably lose his job for striking his supervisor.” The other affidavit from Ms. Margie Shorter, Ana *255 lyst, states that she spoke to Mr. Henderson prior to the pre-termination hearing and that "... [he] expressed concern over losing his job as a result of striking his supervisor.” The affidavits are deficient oral notice because neither deponent stated that they advised Henderson of the Board’s evidence supporting the charge of assaulting his supervisor.
Because none of the evidence in the record on appeal shows that the Board gave Henderson “oral or written notice of the charges against him, [or] an explanation of the employer’s evidence ...” Loudermill at 546, 105 S.Ct. at 1495 (citations omitted), we are compelled to affirm the Civil Service Commission ruling. However, nothing in this opinion should be interpreted to preclude the employer from correcting its past errors and dismissing this employee after proper compliance with the law governing dismissal of public employees. Webb, 543 So.2d at 585.
|sFor the foregoing reasons, we affirm the ruling of the Civil Service Commission to reinstate and award Henderson back-pay.

AFFIRMED.