NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1179

CITY OF EUNICE

VERSUS

EUNICE MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-C-3668-B
HONORABLE MARION F. EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Daniel M. Landry, III
Christian Landry
The Landry Law Firm
P. O. Box 3784
Lafayette, LA 70502
(337) 232-7135
COUNSEL FOR DEFENDANT-APPELLANT:
　　Eunice Municipal Fire and Police Civil Service Board

**Vernon C. McManus**
**Attorney at Law**
**230 South Third Street**
**Eunice, LA 70535**
**(337) 457-4788**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **City of Eunice**

**Jacque B. Pucheu, Jr.**
**Pucheu, Pucheu & Robinson, L.L.C.**
**P.O. Box 1109**
**Eunice, LA 70535**
**(337) 457-9075**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **City of Eunice**

**PICKETT, Judge.**

The Eunice Municipal Fire and Police Civil Service Board ("the Eunice Civil Service Board") appeals a judgment of the trial court reversing their reinstatement of Officer Talya Fruge to the Eunice Police Department.

## DISCUSSION

Officer Fruge was notified by Deputy Chief of Police Varden Guillory on April 1, 2014, that she was under investigation for misconduct. By the same memo, she was informed that she was being placed on administrative leave with pay. Officer Fruge signed a form acknowledging receipt of this notice and a copy of the Officer Bill of Rights. On May 5, 2014, Chief Ronald Dies sent a letter to Officer Fruge explaining the charges against her and ordering her to appear at a pre-disciplinary hearing on May 6, 2014. The record does not indicate whether Officer Fruge appeared at the May 6, 2014 hearing. On May 7, Chief Dies notified Officer Fruge that he would recommend her termination from the Eunice Police Department at the city council meeting on May 13, 2014. The Board of Aldermen of the City of Eunice, the appointing authority, voted to accept Chief Dies' recommendation and terminated Officer Fruge.

Officer Fruge appealed the decision of the Board of Aldermen to the Eunice Civil Service Board. She argued that the Board of Aldermen did not act in good faith in voting to terminate her without giving her an opportunity to be heard. The Eunice Civil Service Board voted unanimously that the Board of Aldermen was in bad faith because she was not given an opportunity to be heard, which violated her due process rights as outlined in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985). Without determining whether Officer Fruge was terminated for cause, the Eunice Civil Service Board ordered the City of Eunice to reinstate Officer Fruge with back pay.

The City appealed that decision to the district court pursuant to La.R.S. 33:2501(E). Following a hearing, the trial court reversed the decision of the Eunice Civil Service Board and remanded the matter to the Eunice Civil Service Board for a full evidentiary hearing. The Civil Service Board now appeals that decision to this court.

## ASSIGNMENT OF ERROR

The Eunice Civil Service Board asserts one assignment of error:

> The trial court erred in finding that the Eunice Fire & Police Civil Service Board did not make a decision in good faith remanding the matter back to the Eunice Municipal Fire and Police Civil Service Board for a full evidentiary hearing.

## DISCUSSION

When reviewing disciplinary action by an appointing authority, the civil service board must determine if the appointing authority acted in good faith and for cause. La.R.S. 33:2501(C). On appellate review, the court must determine whether the action of the civil service board is arbitrary and capricious. *Newman v. Dep't of Fire*, 09-484 (La.11/4/09), 23 So.3d 407. In an appeal of a decision of a civil service board, the district court and appellate courts will not overturn factual findings of the civil service board unless they are manifestly erroneous. *Mathieu v. New Orleans Public Library*, 09-2746 (La. 10/19/10), 50 So.2d 1259. An error of law that pretermits the fact-finding process requires de novo review. *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731.

Officer Fruge argues that she was entitled to an opportunity to be heard before the Board of Alderman. The Eunice Civil Service Board agreed, finding that the failure to allow Officer Fruge to present her side of the story constituted a violation of Officer Fruge's *Loudermill* rights, which amounted to bad faith on the part of the Board of Alderman. After the hearing, the Eunice Civil Service Board

2

did not determine whether Officer Fruge was terminated for cause. Because there is no transcript of the hearing, it is unclear whether evidence was presented on the issue of the cause of Officer Fruge's termination.

As a permanent, classified civil service employee, Officer Fruge has a property interest in keeping her job. La.Const. art. 10, § 8(A); *Lange v. Orleans Levee Dist.*, 10-140 (La. 11/30/10), 56 So.3d 925. No person may be deprived of property without due process of law. La.Const. art. 1, § 2. Due process requires that a civil service employee threatened with termination be given notice of the charges against him and a pre-termination hearing. *Loudermill*, 470 U.S. 432. Our supreme court recently discussed the requirements of the *Loudermill* ruling in *Lange*, 56 So.3d at 930-31:

> A pre-termination hearing, though obligatory, need not be elaborate or evidentiary. *Loudermill*, 470 U.S. at 545, 105 S.Ct. 1487. The purpose of the hearing is not to determine with certainty whether termination is appropriate; instead, the hearing should have served as "an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545-546, 105 S.Ct. 1487. When a civil service employee is entitled to a full evidentiary hearing after termination, and retroactive relief such as reinstatement is available, pre-termination due process is satisfied by notice and an opportunity to respond. *Haughton Elevator Div. v. State, Through Div. of Admin.*, 367 So.2d 1161, 1165 (La.1979). In other words, only the *barest* of a pre-termination procedure is required when an elaborate post-termination procedure is provided. *Dep't Pub. Safety and Corr. v. Savoie*, 569 So.2d 139, 142 (La. 1st Cir.1990) (emphasis added).

The Supreme Court elaborated on the factors considered in determining the requirements of due process in *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S.Ct. 893, 903-4 (1976) (alterations in original) (citations omitted):

> These decisions underscore the truism that " '(d)ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." "(D)ue process is flexible and calls for such procedural protections as the particular

3

situation demands." Accordingly, resolution of the issue whether the administrative procedures provided here are constitutionally sufficient requires analysis of the governmental and private interests that are affected. More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Taking into account the circumstances of this case, we find that the Board of Alderman did not act in bad faith when they acceded to the recommendation of Chief Dies and terminated Officer Fruge. Officer Fruge was given an opportunity to present her case to Chief Dies at the May 6 meeting. It is of no moment whether she attended the meeting; it is enough that she was given that opportunity to be heard. This pre-termination hearing, along with the recourse available to Officer Fruge for a full evidentiary hearing before the Eunice Civil Service Board sufficiently comports with the due process requirements outlined in *Loudermill*. Thus, we find no error in the trial court's order remanding Officer Fruge's case to the Eunice Civil Service Board for a full hearing on the issue of Officer Fruge's termination.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal, in the amount of $655.50, are assessed to the Eunice Municipal Fire and Police Civil Service Board.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

4